NelsON, J.,
delivered the opinion of the Court.
The presentment describes a road leading from Fay-etteville to Elkton, which forks at the widow Timmon’s plantation, from whence there is a road leading to Pulaski; and charges that the defendant, having been duly “appointed by the County Court of Lincoln county aforesaid as overseer of roads,” was bound, within thirty days after his appointment, “to cause to be set up and kept in repair, at the forks aforesaid, a post or posts, with arms pointing the way of each of said roads, directing to the most public places, with the number of miles from that place,” &c., and “yet he has not done it, to the great damage and common nuisance of all the good citizens of said State,” &c.
On motion of the defendant, the Circuit Court at Fayetteville, in which it had been made, quashed the presentment, and the State through the District Attorney, appealed.
Notwithstanding the innovations made by the Code, sections 5114, 5152, on many of the ancient and well established forms of criminal pleading, and the ease of State v. Vance, 1 Tenn. R., 480, 482, (top page,) to which, the editor has appended a note, this presentment ¿an not be sustained for the reason that it describes an offense unknown to the laws of this State. The Code, section 1182, defines what are public roads, and in section 1183, sub-section 9, authorizes the County Courts “to appoint annually overseers of roads,” but makes no provision for the appointment of such a State or county officer as “overseer of roads.” Section. 1198 provides *71 that “the County Court shall annually appoint an overseer, by au order which shall designate the bounds in which the persons subject to work on his road reside, and the class of the road which the overseer is required to keep in repair.” Section 1200 provides that no person is bound to serve as overseer of a road who does not live within the bounds including the hands assigned to work on said roads. And in section 1216, it is provided that every overseer shall, within thirty days after his appointment, carefully measure and mile-mark his road,” * * “and also cause to be set up and kept in repair at the forks of all the public roads in his district, a post or posts, with arms pointing the way of each of said roads,” &c. An overseer, therefore, is appointed for a particular boundary or district, and as there are many overseers in the different counties, he is not properly characterized as an overseer of roads generally, but should be described as the overseer for the particular road to which he has been appointed; and the bounds of the road, as described in the order of the County Court, or as actually superintended by him, should be stated in the presentment. In the case of State v. Kilgore, 6 Hum, 45, it is said that the object of an indictment or declaration is to notify the defendant of the substantial charge or claim against him; and this object is not attained unless the allegations point out the specific nature of the charge or claim, in terms of reasonable certainty.” In, also, State v. Fields, Mart. & Yer., 151; Budd v. The State, 3 Hum., 489; State v. Heflin, 8 Hum., 85.
Affirm the judgment.