[See Case No. 16,380.]

---

## Case No. 16,382.

### UNITED STATES v. STATON.

[2 Flip. 319; 25 Int. Rev. Rec. 10; 11 Chi. Leg. News. 191; 3 Cin. Law Bul. 1126.] [1]

Circuit Court, W. D. Tennessee.  Dec. 23, 1878.

CRIMINAL LAW — DISTILLING — ATTEMPT TO DEFRAUD — INDICTMENT — CONSTITUTIONAL LAW.

1. An indictment under section 3257 of the Revised Statutes of the United States does not in itself so describe the offense charged, as to give a defendant notice of the nature and cause of the accusation, while, under section 3281, to charge the violation of the law in the language of the statute is sufficient, because it describes the offense as an intent to defraud the United States of the tax on spirits distilled, by the act of engaging in and carrying on the business of a distiller.

2. If the statute itself so defines the act or acts constituting an offense as to give to the offender information of the nature and cause

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 3 Cin. Law Bul. 1126, contains only a partial report.]

of the accusation, the indictment need go no further than the statute; but if it does not, of itself, do this, averments looking to the security of the constitutional right to such information, must be added. The constitution, in all criminal prosecutions, secures to the defendant the right of being informed of the nature and cause of the accusation.

John B. Clough, Asst. U. S. Dist. Atty.

[2] [The indictment contains two counts. The first count, drawn under section 3257 of the Revised Statutes charges, that defendant, being a distiller, did, at a certain time and place, defraud and attempt to defraud the United States of the tax on the spirits distilled by him. The second count, drawn under section 3281 of the Revised Statutes, charges that the defendant at a certain time and place was engaged in the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him as such distiller. The offences charged in both counts are misdemeanors simply, and not felonies. The indictment in both its counts describes the offence in the words of the statutes under which they are respectively drawn. It is, in general, sufficient to describe a statutory offence in an indictment in the words of the statute itself without further particularity. U. S. v. Mills, 7 Pet. [32 U. S.] 138; U. S. v. Gooding, 12 Wheat. [25 U. S.] 460; U. S. v. Cruikshank, 92 U. S. 542; U. S. v. Lancaster [Case No. 15,556]; People v. Stockham, 1 Park. Cr. R. 424; 1 Bish. Cr. Prec. (2d Ed.) § 611, and cases cited; 1 Whart. Cr. Law (5th Ed.) 364, and cases cited; State v. Ladd, 2 Swan, 226; Harrison v. State, 2 Cald. 232; U. S. v. Bachelder [Case No. 14,490]; U. S. v. Simmons, 96 U. S. 360. But few exceptions to this rule are recognized, and if, in any case, the defendant insists upon greater particularity, it is for him to show that from the obvious intention of the legislature, or the known principles of law, the case falls within some exception to the general rule. 1 Whart. Cr. Law (5th Ed.) § 611, and cases; U. S. v. Pond [Case No. 16,067]; U. S. v. Henry [Id. 15,350]. The case at bar is not, however, we submit, an exception to the general rule, as recognized by the federal courts in the following decisions rendered upon the identical question: U. S. v. La Coste [Id. 15,548]; U. S. v. Gooding, supra; U. S. v. Mills, supra; U. S. v. Lancaster [supra]; U. S. v. Martin [Case No. 15,731]. The following federal decisions have been rendered on this point also, each of which sustaining and in support of the general doctrine, is especially applied to criminal cases arising under the revenue laws of the United States: U. S. v. Ballard [Id. 14,506]; U. S. v. Page [Id. 15,988]; U. S. v. Howard [Id. 15,402]; U. S. v. Fox [Id. 15,156]; U. S. v. Henry, supra; U. S. v. Simmons, supra.] [2]

W. M. McCall, for defendant.

[2] [From 25 Int. Rev. Rec. 10.]

HAMMOND, Judge. This is a motion for a new trial and in arrest of judgment. The defendant stands convicted upon two counts of an indictment which are as follows: 1. "The grand jurors represent, that William Staton, etc., on, to-wit, the first day of March, 1877, * * * in the district aforesaid, was a distiller, and was then and there engaged in carrying on the business of a distiller, by then and there producing distilled spirits, and by then and there brewing, and by then and there making mash, wort and wash fit for a distillation and for the production of spirits, and by then and there making and keeping mash, wort and wash, having also then and there in his possession and use a still; and, that being so then and there engaged in carrying on the business of a distiller as aforesaid, he, the said William Staton, did then and there unlawfully, with force and arms, defraud and attempt to defraud the United States of the tax on the spirits so then and there distilled by him, the said William Staton, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.

2. "The grand jurors aforesaid, etc., do further present, that said William Staton, etc., on, to-wit, the day and year aforesaid, in the district aforesaid, etc., unlawfully, with force and arms, was carrying on the business of a distiller by then and there producing distilled spirits, and by then and there brewing, and by then and there making mash, wort and wash fit for distillation and for the production of spirits, and by then and there making and keeping mash, wort and wash, and having also then and there in his possession and use a still, then and there with intent of him, the said William Staton, to defraud the United States of the tax on spirits, so then and there distilled by him, the said William Staton, as such distiller, as aforesaid, contrary to the form," etc.

The proof shows that the defendant gave bond and otherwise complied with the law regulating distillation of brandy made exclusively from apples, peaches, or grapes, known as a fruit distillery, then being in possession of about two hundred and seventy gallons of spirits distilled by him; the casks containing it were gauged by the proper officer, and the spirits were subsequently sold by the defendant without paying the tax upon them required by law.

A new trial is asked on the ground that the defendant objects to and moved to exclude all testimony showing more than one sale, and because the government was not confined in its proof to the first unlawful transaction it undertook to prove. This objection proceeds on the idea that each separate sale was a separate offense and that the government must elect on which one it will try the defendant. The defendant was not indicted for unlawfully selling the spirits without paying a

special tax therefor, but under one count for defrauding the government of the tax on spirits distilled by him, and under the other count for engaging in the business of a distiller with the unlawful intent to defraud the government of the tax on such spirits. Any acts, no matter how numerous, which would show, either that he defrauded the government of the tax, or carried on the business with that intent, were admissible. These were the circumstances which evinced the design with which the act was done and demonstrated the intent, and were the acts by which the fraud on the revenue was committed. The motion for a new trial should therefore be overruled.

The motion in arrest of judgment is based on the alleged insufficiency of the indictment, in not describing the offense charged so as to give the defendant notice of the violations of the law he is required to meet and defend.

The first count is drawn under section 3257, and the second under section 3281 of the Revised Statutes of the United States. Section 3257 enacts that, "whenever any person engaged in carrying on the business of a distiller, defrauds, or attempts to defraud, the United States of the tax on the spirits distilled by him, or of any part thereof, he shall forfeit the distillery, etc., and shall be fined not less than five hundred dollars, nor more than five thousand dollars, and be imprisoned not less than six months nor more than three years."

This section does not in itself so describe the offense as to give the defendant notice of the nature and cause of the accusation. It was held in the case of U. S. v. Simmons, 96 U. S. 360, that it is sufficient, under section 3281 of the Revised Statutes, to charge the violation of the law in the very language of the statute, because it describes the offense as an intent to defraud the United States of the tax on spirits distilled, by the act of engaging in and carrying on the business of a distiller. This accusation in itself apprises the accused of the act for which he is arraigned, namely, carrying on the business of a distiller with the unlawful intent. The facts and circumstances by which the intent is demonstrated need not be alleged in the indictment and are only matters of proof. But suppose that, disconnected with this act of carrying on the business of a distiller, it were simply charged that the defendant had defrauded, or attempted to defraud, the United States of the tax on certain spirits; is it not plain that the defendant would have no notice of the act for which he is called to account? Now, this is the distinction between the two sections 3257 and 3281: The first makes all acts of a distiller, whereby he defrauds, or attempts to defraud, the United States of the tax on spirits distilled by him, offenses, but does not attempt to designate any of them, while the second describes and defines one particular act as an offense, namely, engaging in the business of a distiller with a particularly described intent.

And I think, after a careful consideration of the cases on the subject, that this will be found to be the true test between those where it is sufficient to allege the offense in the language of the statute, and those where it is not. If the statute itself so defines the act or acts constituting the offense as to give to the offender information of the nature and cause of the accusation, the indictment need go no further than the statute; but if it does not of itself do this, the averments necessary to secure the constitutional right to such information must be added. It makes no difference whether the crime be a felony or a misdemeanor, the constitution secures to the defendant, "in all criminal prosecutions," the right "to be informed of the nature and cause of the accusation." Const. U. S. Amend. 6; U. S. v. Cruikshank, 92 U. S. 542, 557, 558; U. S. v. Simmons, 96 U. S. 360; State v. Kilgore, 6 Humph. 44; State v. McElroy, 3 Heisk. 69.

In all the cases cited by the learned counsel for the government it will be found either that the statute gave sufficient information, or that the averments themselves did so. In U. S. v. Henry [Case No. 15,350], the fraudulent bond was pointed out. In U. S. v. Ballard [Id. 14,506], the particular entry of "one brown horse" was designated. In U. S. v. Fox [Id. 15,156], as under section 3281, in U. S. v. Simmons, 96 U. S. 360, the statute described the act denounced as that of carrying on the business of a distiller without having paid the special tax therefor, and it was held that by analogy to common law indictments for being a common barrator, scold, etc., it was sufficient to allege a general carrying on of a certain trade, where that was the crime charged. But even in that case, the allegation was, that the business was carried on between two designated dates, which was held sufficiently to describe the act to give the defendant notice. In U. S. v. Gooding, 12 Wheat. [25 U. S.] 460, the particular ship and time and place were given, so that the defendant knew what he was called to answer.

In the case now under consideration, by the first count of the indictment, the defendant is left without any circumstance of time, place, or occasion, to indicate to him the act he is called to defend. The particular spirits or packages are not described, the place where found, or where distilled by him; and no clue is given to the particular act of his which is alleged to have been either a fraud or an attempt at a fraud upon the revenue. He cannot read this count of the indictment and say from it what act of his is called in question. It is clearly too indefinite and vague to apprise him of the cause of the accusation. The judgment upon this count will be arrested.

The second count, for reasons already stated, is sufficient, and the case of U. S. v. Simmons, supra, directly sustains it. The motion in arrest as to that count is, therefore, denied.