## YOUNG v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

#### No. 3517.

1. **Indictment and information** ⊂⊃110(31)—**Information charging maintenance of nuisance contrary to prohibition act held sufficient.**

An information charging that defendants, in violation of National Prohibition Act, § 3, maintained a public nuisance, in that they sold and kept for sale for beverage purposes on described premises intoxicating liquor, follows the language of the statute, with sufficient description to inform the defendant of the offense charged, and with such certainty that he could prepare his defense and plead the judgment in bar of any subsequent prosecution, and is sufficient.

2. **Intoxicating liquors** ⊂⊃236(9)—**Evidence held to sustain conviction of keeping whisky for illegal sale.**

In a prosecution for maintaining a nuisance by selling and keeping for sale intoxicating liquors on the premises, evidence *held* sufficient to sustain the conviction.

3. **Indictment and information** ⊂⊃3—**Keeping whisky for illegal sale may be prosecuted by information.**

The offense of maintaining a nuisance by selling and keeping for sale intoxicating liquors on the described premises is a misdemeanor, which may be prosecuted by information under the established law of federal jurisdiction, and in view of section 32 of the National Prohibition Act, which assumes that offenses thereunder may be so prosecuted.

In Error to the District Court of the United States for the First Division of the Northern District of California; Frank S. Dietrich, Judge.

Albert Young and another were convicted of maintaining a public nuisance by keeping intoxicating liquor for sale, and the named defendant brings error. Affirmed.

Clarence W. Morris, Chauncey F. Tramutolo, and William F. Herron, all of San Francisco, Cal., for plaintiff in error.

Frank M. Silva, U. S. Atty., and Wilford H. Tully, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MORROW, Circuit Judge. The plaintiff in error and one Walter De Kau were charged, by an information filed November 28, 1919, with violating title 1, § 3, of the act commonly known as the National Prohibition Act (41 Stat. 306). The charging part of the information alleges :.

"That Walter De Kau and Albert Young, hereinafter called defendants, heretofore, to wit, on the 20th day of November, in the year of our Lord 1919, at San Francisco, in the Southern division of the Northern district of California, then and there being, did then and there, in violation of section 3 of the act of October 28, 1919, known as the National Prohibition Act, unlawfully, willfully, and knowingly maintain a public nuisance, in that they did unlawfully, willfully, and knowingly sell and keep for sale for beverage purposes on the premises at No. 2965 Sixteenth street, in San Francisco, aforesaid, certain intoxicating liquor, to wit, whisky."

Upon the trial of the cause both of the defendants were convicted. Judgment was entered accordingly, and from this judgment the plaintiff in error, Albert Young, prosecutes this writ.

[1] It is contended in behalf of the plaintiff in error, Albert Young, that the information upon which he was convicted did not state facts sufficient to constitute an offense under the statute. The statute provides, in section 3 of the Act of October 28, 1919 (41 Stat. 305, 306):

"Any room  *  *  *  or place of any kind where intoxicating liquor is sold, manufactured, kept for sale, or bartered in violation of the War Prohibition Act, and all intoxicating liquor and all property kept and used in maintaining such a place, is hereby declared to be a public and common nuisance, and any person who maintains or assists in maintaining such public and common nuisance shall be guilty of a misdemeanor," etc.

The "War Prohibition Act" is defined in the first section of the act as meaning:

"The provisions of any act or acts prohibiting the sale and manufacture of intoxicating liquors until the conclusion of the present war and thereafter until the termination of demobilization, the date of which shall be determined and proclaimed by the President of the United States."

The particular act referred to was that part of the so-called Food Stimulation Act approved November 21, 1918 (40 Stat. 1045, 1046), prohibiting the manufacture and sale after June 30, 1919, of intoxicating liquors for beverage purposes. These acts were within the constitutional power of Congress. Hamilton v. Kentucky Distilleries Co., 251 U. S. 146, 40 Sup. Ct. 106, 64 L. Ed. 194.

The charge follows the language of the statute with sufficient description to inform the defendant of the nature of the offense charged and the cause of the accusation, and with such certainty that he could prepare his defense and plead the judgment in bar of any subsequent prosecution for the same offense. This is sufficient. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819.

[2] It is next contended that the evidence was insufficient to sustain the verdict of guilty. R. W. Gloss, a deputy collector of internal revenue testified:

. "About 5:30 of the evening of the 20th of November, Collector Doyle and myself visited this place at the request of our chief, who had received numerous complaints of the sale of liquor in this particular saloon.  *  *  *  As

you go into the saloon, there is kind of a private office, at the end of the bar. I made my way around to the end of the bar. As I came up to the bar I saw a man drinking a drink, and the bartender came up to the cash register with the cash in his hand, and rang up 25 cents. Deputy Collector Doyle took this glass away from the bartender, and we both smelled of the glass, and it smelled of whisky. I smelled the glass, I took the glass, and we located this one bottle of whisky. This is the bottle it was served out of (bottle identified); it was in an overcoat, which was hanging in this private office. I did not see the man serve the liquor out of the bottle, but I saw the bottle put back in the overcoat by the bartender, Mr. De Kau; that is the name he gave us. That is the gentleman sitting there. I am familiar with whisky."

Here it was stipulated by counsel that the contents of the glass was whisky. Mr. Gloss, further testifying, said:

"I saw the money rung up for that transaction, 25 cents, at the cash register. The license for that place is taken out in the name of Albert Young, the other defendant here."

J. P. Doyle, a deputy collector of internal revenue, testified:

"About 5:30 in the evening we entered the saloon of Al Young on Sixteenth street, opposite the Association Club; all went into the little room, his office; as you go in the door there is a little room. I went in, and there was a man drinking whisky; he came to the bartender, Mr. De Kau; at that time he could not get into the little room, because the door was locked; it was a Yale lock, and he came around; he was behind the bar. Mr. De Kau went to the cash register and he rang up 25 cents. I took the glass and smelled of it. There was two parties standing outside of the bar, one by the name of McKey, and another fellow that happened to work down at the Motor Taxi Company. I saw the liquor served from the bottle and saw the 25 cents passed over the bar."

On being asked who conducted the place, Mr. Doyle answered that Albert Young conducted the place, and Mr. Morris, counsel for the plaintiff in error said:

"There is no question about that; Mr. Young conducts the place."

Walter De Kau testified, on being asked if he was employed by Mr. Young as a bartender in the saloon at Mission and Sixteenth street, on or about November 20th: "Yes, sir."

[3] The offense charged is a misdemeanor. Section 32 of the act assumes that offenses described in the act as misdemeanors may be prosecuted by information. This is the established law of the federal jurisdiction. Weeks v. U. S., 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917A, 524. The court had jurisdiction of the case, and the evidence was sufficient to sustain the verdict of guilty.

The judgment of the District Court is affirmed.