## KATHRINER et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 5, 1921.)

No. 3637.

1. **Intoxicating liquors** ⟐⟐238(1)—**Evidence held to warrant denying motion for a directed verdict of not guilty.**

In a prosecution for violation of the National Prohibition Act, denying a motion for a directed verdict of not guilty, made on the ground that the evidence was insufficient to show that the defendants had committed any offense, *held* not error.

2. **Intoxicating liquors** ⟐⟐213—**Information charging maintenance of nuisance, contrary to National Prohibition Act, held sufficient.**

An information charging that defendants unlawfully, willfully, and knowingly violated Act Oct. 28, 1919, tit. 2, § 21, known as the National Prohibition Act, by maintaining a common nuisance on certain premises, by unlawfully, willfully, and knowingly keeping a quart of brandy, containing one-half of 1 per cent. or more of alcohol by volume, *held* sufficient to inform the defendants of the offense charged.

3. **Intoxicating liquors** ⟐⟐249—**Search warrant held unnecessary, in view of evidence.**

Where government officers entered the defendants' soft drink parlor without warrant or process, jumped over the bar, and made a search, seizing a small quantity of liquor, which they preserved for evidence, under the circumstances disclosed, *held*, that a search warrant was not necessary.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

⟐⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Benjamin Kathriner and James Sullivan were convicted of violating the National Prohibition Act, and they bring error. Judgment of conviction affirmed.

Frank J. Hennessy, of San Francisco, Cal., for plaintiffs in error.

John T. Williams, U. S. Atty., of San Mateo, Cal., and Thomas J. Sheridan, Asst. U. S. Atty., of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. [1] The plaintiffs in error were convicted and sentenced under count 1 of an information filed against them, charging a violation of the National Prohibition Act (41 Stat. 305). One of the specifications of error relied upon is that the court erred in denying their motion for a directed verdict of not guilty on the ground that the evidence was insufficient to show that they had committed any offense. In their brief regarding that matter they say that the officers of the government—

"entered the soft drink parlor of the defendants, and without a warrant or process of any kind jumped over the bar and made a search, seizing a small quantity of liquor behind the bar."

A few extracts from the testimony of one of the government officers will be enough to dispose of that assignment of error. Said that witness:

"Mr. Kathriner conducts a soft-drink establishment, formerly a saloon, and Officer Hanley and myself entered his place about half past 12 of the 23d, walked up to the bar, and told him who we were. I myself jumped over the bar, and the bartender was behind the bar at the time. Mr. Kathriner was not in the saloon at the time.

"Q. Who was his bartender; the other defendant? A. Mr. Sullivan; and we found behind the bar a pitcher containing about a quart of jackass brandy, which we poured in some bottles and sealed up there at the time. * * *"

After stating that the place was at 1123 Folsom street, and being asked concerning the conversation had at the time, the witness said:

"Mr. Kathriner says, 'You can't arrest us;' and Mr. Hanley says, 'Why?' and he said, 'I am paying for protection to do this kind of business.'"

The witness further testified:

"They had another pitcher with liquor in it, but they beat me to it and dumped it; they had a sink full of creosote, and they dumped it in it."

The witness further stated that he was at the same place again at 3:30 of the same day, when both of the plaintiffs in error were there, and, being asked whether he had had any further conversation regarding the matter, answered:

"When we were taking Mr. Sullivan to lock him up, walking up Seventh street, I said to him, 'What are you getting a shot for it?' And he said, 'Twenty-five cents.'

"Q. What is that? A. I asked him what he was getting a drink for it, and he said, 'Twenty-five cents.'

"Q. Who said that? A. Mr. Sullivan.

"Q. Were there any statements made by Mr. Kathriner, other than you have stated or related with respect to this case? A. Not outside of saying what I have said; no."

[2, 3] The first count of the information charged that on April 23, 1920, at San Francisco, the plaintiffs in error—

"did unlawfully, willfully, and knowingly, in violation of section 21 of title 2 of the Act of October 28, 1919, known as the 'National Prohibition Act,' maintain a common nuisance, in that they did unlawfully, willfully and knowingly keep on the premises situated at 1123 Folsom street certain intoxicating liquor, to wit, about one quart of brandy containing one-half of 1 per cent. or more of alcohol by volume."

We think it sufficient under the ruling of this court in the case of Young v. United States (C. C. A.) 272 Fed. 967. The question argued by counsel for the plaintiffs in error respecting the power of Congress to prohibit mere possession of intoxicating liquors is not involved. And under the circumstances of the case, as disclosed by the evidence, that a search warrant was not necessary, see Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575, and Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834. Ann. Cas. 1915C, 1177.

The judgment is affirmed.