## GAZZERA et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925. Rehearing Denied August 24, 1925.)

No. 4529.

**1. Criminal law** ⊂⇒1044, 1054(1), 1056(1)— **Reviewing tribunal required only to review sufficiency of information to charge offense, where no motion for a directed verdict, nor exceptions to court's charge nor rulings on evidence.**

In prosecution for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), by maintaining a common nuisance and unlawful possession of intoxicating liquor, reviewing tribunal was required only to review sufficiency of information to charge offense, where there was no motion for a directed verdict below, nor any exception to court's charge, nor rulings on the evidence.

**2. Intoxicating liquors** ⊂⇒236(6½, 9) — **In prosecution of husband and wife, evidence held insufficient to justify conviction of wife for maintaining a common nuisance and unlawful possession.**

In prosecution of husband and wife for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), by maintaining a common nuisance and unlawful possession of intoxicating liquor, evidence held insufficient to sustain conviction of wife.

In error to the District Court of the United States for the Southern Division of the Northern District of California; Robert S. Bean, Judge.

Marie Gazzera and A. Gazzera were convicted of a violation of the National Prohibition Act for having maintained a common nuisance and having unlawfuly possessed intoxicating liquor, and they bring error. Conviction as to defendant first named reversed, and otherwise affirmed.

Edgar D. Peixotto and T. T. Califro, both of San Francisco, Cal. (Cleveland R. Wright and Wilford H. Tully, both of San Fran-

cisco, Cal., of counsel), for plaintiffs in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. Marie Gazzera and A. Gazzera, her husband, with one Valentino, were convicted of violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), for having maintained a common nuisance and unlawfully possessed intoxicating liquor. The two Gazzeras brought writ of error.

[1] There was no motion for a directed verdict filed in behalf of defendants below; nor was there any exception to the charge of the court; nor were any exceptions taken to rulings on the evidence. There is, therefore, nothing before this court to review, except the sufficiency of the information to charge the offense of maintaining a nuisance. Bilboa v. United States (C. C. A.) 287 F. 125; Lucis v. United States (C. C. A.) 2 F.(2d) 975. That question is determined by our decision in Young v. United States (C. C. A.) 272 F. 967, where a charge of maintaining a nuisance was in language like that employed in the present case.

But, in the interest of what is perfectly just, we think the writ in behalf of Marie Gazzera presents an instance where we should notice a plain and serious error, although it was not reserved by objection or exception upon the trial. The testimony, which is included in the transcript, fails to show that Marie Gazzera, the wife of A. Gazzera, had any part whatever in the possession or sale of the wine, or that she employed the waiter in the restaurant, which was kept by her husband and herself, or that she knew of the service of the wine to the person to whom the waiter served it. Her testimony was that she did not sell or give any wine to any one, or give permission to any one to serve or sell wine; that she did not know that the people who sat at a separate table, back of the table at which she was sitting, had any wine. A circumstance, too, is that the only liquor or wine found by the prohibition agents who made the arrest was that served by the waiter to the people who sat at a table back of Mrs. Gazzera.

[2] We are of the opinion that the evidence was insufficient to justify her conviction, and that, as against her, the judgment must be reversed. As against A. Gazzera, the judgment is affirmed.