## ARONISS et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 2, 1926. Rehearing Denied July 14, 1926.)

No. 3346.

1. **Criminal law** ⬅═419, 420(1)—**Direct positive testimony of prohibition agent as to fellow agent's purchase of liquor from accused properly received.**

In prosecution for sale of whisky, direct positive testimony of prohibition agent as to accused's sale of liquor to another agent was properly received in evidence; there being nothing to prove such testimony was otherwise than from witness' own knowledge.

2. **Intoxicating liquors** ⬅═213—**Charge that defendants did unlawfully "maintain a common nuisance" in "violation of National Prohibition Act" insufficient.**

Indictment charging that defendants did unlawfully "maintain a common nuisance" at a named place, "in violation of National Prohibition Act," tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), would be bad in failing to give any indication of circumstances constituting such a nuisance.

3. **Intoxicating liquors** ⬅═213—**Charge of maintaining a common nuisance under Prohibition Act held insufficient.**

Indictment charging that defendants did "unlawfully maintain a common nuisance" at a certain place "where intoxicating liquors were kept," in violation of National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), held not to state offense, in absence of pleading of acts occurring by which place was used to violate the law.

4. **Intoxicating liquors** ⬅═222—**Every ingredient of crime must be charged, though defensive negative averments may be dispensed with.**

National Prohibition Act, tit. 2, 32 (Comp. St. Ann. Supp. 1923, § 10138½s), providing that an information or indictment need not include any "defensive negative averment," does not dispense with necessity that indictment shall contain and state with precision and certainty every ingredient of the crime.

5. **Indictment and information** ⬅═110(4)—**When charge of offense in words of statute is sufficient stated.**

Merely charging offense in words of a statute is not sufficient, except where words of statute fully, directly, and expressly, without any uncertainty or ambiguity, set forth all elements necessary to constitute offense intended to be punished.

6. **Indictment and information** ⬅═110(31)—**Charging offense of maintaining common nuisance in words of statute insufficient.**

Charge of maintaining a common nuisance, in violation of National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), in words of statute, is insufficient, inasmuch as statute merely refers to place where liquor is kept, "in violation of" one of its provisions, and leaves pleader to show violation by stating facts.

**7. Intoxicating liquors ⊜⇒213—Defective indictment for maintaining nuisance held not aided by reference to place involved as a "café."**

Charge of maintaining common nuisance, in violation of National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), defective in failing to charge that liquor was kept at place charged for purposes of sale, was not aided by reference to place as a "café."

**8. Indictment and information ⊜⇒70—Valid accusation of crime must state facts which, without more, show the offense.**

A valid accusation of crime cannot be made by argument or by inference, but only by stating facts which, without more, show the offense.

Buffington, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Nathan Aroniss and Simon Kalb were convicted of violating the National Prohibition Act, and they bring error. Judgment of sentence reversed, and case remanded, if necessary, for resentence.

Harry Heher and John H. Kafes, both of Trenton, N. J., for plaintiffs in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and CLARK, District Judge.

WOOLLEY, Circuit Judge. The indictment is laid in ten counts. Three were withdrawn. Of the remaining counts, the first purports to charge the maintenance of a common nuisance; the others charge specific sales of whisky; all in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). After verdict of guilty on the seven counts the court imposed sentences of imprisonment under each count for terms running concurrently with some and not concurrently with others, together with fines, making in all (for each defendant) two years' imprisonment and $4,000 in fines. The defendants then sued out this writ, assigning many errors, of which only one calls for discussion and one other for notice in this opinion.

[1] The latter specification of error is an alleged want of evidence to sustain the verdict on the second count. This count charges a sale of whisky to one Dawson, a prohibition agent. Dawson had died before trial, so Davis, a fellow prohibition agent, was called to prove the charge. Davis testified that

Dawson bought drinks in the defendants' place and the question is whether he testified from an affidavit made by Dawson or from his own knowledge. The record (particularly at pages 57 and 58) shows that his testimony was direct and positive, without anything to prove it was otherwise than from his own knowledge, hence there was no error in admitting it.

[2, 3] The error first assigned grew out of the alleged want of a sufficient statement of the offense in the first count and arose on motions, seasonably made, to quash the count, direct the verdict and arrest the judgment. The count charges that at a given time the defendants "did knowingly, willfully and unlawfully maintain a common nuisance, that is to say, at the premises known as the Bismark Café, situated at 25 East Hanover street, in said city of Trenton, where intoxicating liquors, namely, beer and whisky, were kept, in violation of Title II of the National Prohibition Act," etc. A statement that the defendants did unlawfully "maintain a common nuisance" at a named place "in violation of Title II of the National Prohibition Act" would clearly be bad under Linden Park Horse Association v. State, 55 N. J. Law, 557, 27 A. 1091, in that it would fail to give "any indication of the circumstances that make it such." The question is whether the statement of the offense is aided by the added words "where intoxicating liquors, namely, beer and whisky, were kept." The Government says it is aided and therefore the statement is sufficient because it repeat the words and, accordingly, recites the offense of the statute. The statute (Section 21 of Title 2 [Comp. St. Ann. Supp. 1923, § 10138½jj]) provides that "Any * * * house * * * where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, * * * is hereby declared to be a common nuisance." To charge that a place was a common nuisance, the pleading must show the acts, there occurring, by which the place was used to violate the law. The mere allegation that it was a place where liquors were kept leaves the character of the place open to dispute and therefore to uncertainty, for under the law liquors may be kept lawfully and kept unlawfully.

[4, 5] The provision of Section 32 of Title 2 of the Act (Comp. St. Ann. Supp. 1923, § 10138½s) that an information or indictment need not "include any defensive negative averments" does not dispose of the necessity that the indictment shall contain, and state with precision and certainty, every ingredient

of which the crime is composed. United States v. Cook, 17 Wall. 168, 174, 21 L. Ed. 538; United States v. Cruikshank, 92 U. S. 542, 558, 23 L. Ed. 588. One ingredient is the use to which the place charged to be a common nuisance was put; in this instance, we surmise, the keeping of liquor for sale. But if liquor was not kept for that purpose, the place was not a common nuisance. Merely stating an offense in the words of a statute is not sufficient except in cases "where the words of the statute themselves * * * fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Simmons, 96 U. S. 360, 362, (24 L. Ed. 819); Evans v. United States, 153 U. S. 584, 587, 14 S. Ct. 934, 38 L. Ed. 830.

[6] The statute declared on does not do this. It merely refers to a house where liquor is kept "in violation of" one of its provisions and leaves the pleader to show the violation by stating facts which come within its terms. In this we find ourselves in accord with the decision in Young v. United States (C. C. A. 9th) 272 F. 967, yet not in accord with the decision in Kathriner v. United States (C. C. A. 9th) 276 F. 808. Nor is our position at variance with that which we took in Singer v. United States (C. C. A. 3d) 288 F. 695, 696, for although one count of the indictment in that case resembled closely the count in the indictment in this case now under discussion, the decision went off on what is the test of a common nuisance, namely, whether it is the number of sales or the length of time liquor was kept upon premises or the fact that the place was maintained for the keeping and sale of liquor. The decision in Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 92, 41 S. Ct. 31, 32, 65 L. Ed. 151, 10 A. L. R. 1548, was there referred to as an interpretation of the statute not as a ruling on a pleading.

[7, 8] And finally, we do not think the pleading is aided by reference to the place of the alleged common nuisance as a "café," the suggestion by the Government being, arguendo, that keeping liquor in a café is never lawful. A valid accusation of crime cannot be made by argument or by inference but can only be made by stating facts which, without more, show the offense. Being of opinion that in refusing to quash the first count of the indictment the court fell into error, we are constrained to reverse the judgment of sentence imposed under that count with direction that, if necessary, the case be remanded to the District Court for resentence of the defendants as to proper dates under the remaining counts.

BUFFINGTON, Circuit Judge (dissenting). The wording of the indictment count in this case which is held defective, in the opinion of the majority, has been the subject of judicial decision elsewhere and, without citing the cases which expressly so decide, or in principle support such conclusion, I restrict myself to referring to the case of Kathriner v. United States, 276 F. 808, where it appears that in the Northern District of California this form of indictment was adjudged sufficient by Judge Dooling and his decision was affirmed by the Circuit Court of Appeals. Following the approval of these four judges the indictment was again approved by the trial judge below. Moreover in U. S. v. Simmons, 96 U. S. 362, 24 L. Ed. 819, where the Supreme Court held that "where the offense is purely statutory, having no relation to the common law, it is 'as a general rule, sufficient in the indictment to charge the defendant with acts coming within the statutory description, in the substantial words of the statute, without any further expansion of the matter' (Bishop, Crim. Prac. sec. 611, and authorities there cited)" that court added a requirement, which to my mind the present indictment meets, namely, that "the accused must be apprised, by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense." In the conflict of decisions in criminal procedure which thus arises between circuits by the present opinion I am constrained to respectfully record my dissent to that part of it which holds the first count of the indictment defective.