## LEONARD v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 7, 1927.)

No. 4688.

1. **Criminal law ⬅⮞295—Parol evidence is admissible in aid of plea of prior conviction.**

Parol evidence is admissible in aid of plea of prior conviction offered in bar of subsequent prosecution.

2. **Indictment and information ⬅⮞86(3), 87(7) —Intoxicating liquors ⬅⮞217—Information charging unlawful manufacture, possession, and sale of liquor was not bad because it left blank date of month and did not give location or quantities made.**

Accused's right to bill of particulars, stating in detail the time, place, and circumstances of alleged offense, often bars his right to complain of what would otherwise be an insufficient indictment specification of these details; hence an information charging unlawful manufacture, possession, and sale of intoxicating liquor, and maintenance of liquor nuisance, was not bad because it left blank day of month, and did not give location within county or quantities made.

3. **Indictment and information ⬅⮞111(1)—Information need not refer to statutory exceptions or limitations, but necessary particulars may be supplied by bill of particulars in so far as Constitution permits (National Prohibition Act, tit. 2, § 32 [Comp. St. § 10138½s]; Const. Amend. 5).**

National Prohibition Act, tit. 2, § 32 (Comp. St. § 10138½s), providing that information or indictment need not include defensive negative averments, sanctions a simplicity and generality of allegation that might otherwise be insufficient eliminates necessity for reference to exceptions, limitations, and provisions found in act, and recognizes bill of particulars as a pleading supplementary to and a part of indictment or information, but, under Const.

Amend. 5, bill of particulars does not cure indictment which does not charge essential elements of crime.

**4. Indictment and information** ⬅══110(31)—**Information charging unlawful manufacture, possession, and sale of "intoxicating liquor" in language of statute held sufficient (National Prohibition Act, tit. 2, §§ 1, 3, 6, 32 [Comp. St. §§ 10138½, 10138½aa, 10138½c, 10138½s]).**

Under National Prohibition Act, tit. 2, §§ 6, 32 (Comp. St. §§ 10138½c, 10138½s), information . charging unlawful manufacture, possession, and sale of intoxicating liquor, and maintenance of liquor nuisance, in language of section 3, tit. 2 (Comp. St. § 10138½aa), prohibiting manufacture of "any intoxicating liquor," is sufficient on special demurrer, without stating kind of liquor, or charging offense in language of definition given in section 1, tit. 2 (Comp. St. § 10138½).

**5. Indictment and information** ⬅══61, 108—**Information charging unlawful manufacture, possession, and sale of liquor, and maintenance of nuisance, need not identify statute violated.**

Information charging unlawful manufacture, possession, and sale of intoxicating liquor, and maintenance of liquor nuisance, need not identify statute violated, not only because courts judicially know there is only one statute to which reference can be intended, but because reference to any particular statute is usually, if not always, unnecessary.

**6. Criminal law** ⬅══198—**Conviction for manufacturing, possessing, and selling liquor need not be reconcilable with prior acquittal.**

Conviction for manufacturing, possessing and selling intoxicating liquors and maintenance of liquor nuisance, involving a continuous conducting of a business, need not be reconcilable with prior acquittal of other similar acts alleged to have occurred on a previous date.

**7. Intoxicating liquors** ⬅══238(3, 5)—**Whether fermented fruit juice was sold and fit for beverage purposes held for jury.**

Whether fermented fruit juice was sold and fit for beverage purposes, as claimed by government, or was unfit therefor and was sold only to be made into jelly, as contended by accused, held to present question of fact for jury.

**8. Criminal law** ⬅══198—**Accused's possession on certain date of fruit juices is not same offense as manufacture, possession, and sale of juices a year later.**

Accused's possession on certain date of stock of fruit juices, which he sold or made into jelly, is not same offense as manufacture, possession, and sale of similar material a year later.

**9. Criminal law** ⬅══1172(1)—**Instruction authorizing conviction for same acts for which defendant had been previously acquitted held error, but error not prejudicial; evidence showing that conviction was based on matters arising after acquittal (Judicial Code, § 269, as amended by Act, Feb. 26, 1919 [Comp. St. § 1246]).**

To extent that charge, authorizing conviction for any acts committed within three years

18 F.(2d)—14

before filing information, permitted conviction for same acts of possession of intoxicating liquor for which defendant had been acquitted by a previous verdict, it was erroneous; but error was not prejudicial, where evidence showed that conviction was based on matters arising after former acquittal, in view of Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. § 1246).

**10. Criminal law** ⬅══1209—**Conviction for unlawful manufacture, possession, and sale of intoxicating liquor and maintenance of nuisance held not to impose double punishment (National Prohibition Act, tit. 2, §§ 1, 3, 6 [Comp. St. §§ 10138½, 10138½aa, 10138½c]).**

Conviction for unlawful manufacturing, possessing, and selling intoxicating liquor and maintenance of liquor nuisance in violation of National Prohibition Act, tit. 2, §§ 1, 3, 6 (Comp. St. §§ 10138½, 10138½aa, 10138½c), held not objectionable as imposing double punishment; offenses being distinct.

In Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

E. M. Leonard was convicted of unlawfully manufacturing, possessing, and selling intoxicating liquor, and maintaining a liquor nuisance, and he brings error. Affirmed.

Carlyle S. Littleton and O. W. Reeves, both of Chattanooga, Tenn., for plaintiff in error.

Geo. C. Taylor, of Knoxville, Tenn., for the United States.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

DENISON, Circuit Judge. The chief question presented is as to the sufficiency of the information.[1] The first count is typical. It is as follows:

"Be it remembered that George C. Taylor, attorney for the United States for the Southern division of the Eastern district of Tennessee, who for the United States, in its behalf, prosecutes in his own person, comes here into the District Court of the said United States for the district and division aforesaid, on this ——— in this term, leave of the court first being had and obtained, and for the United States gives the court here to understand and be informed that E. M. Leonard, late of the county of Hamilton, in said district and division, on the ——— day of September, 1924, in the district, division, and county aforesaid, unlawfully did knowingly manufacture intoxicating liquor, said act being then and there prohibited and unlawful, contrary to the form of the statute

[1] The counts are (1) manufacture; (2) possession; (3) sale; (4) maintaining a nuisance.

in such case made and provided and against the peace and dignity of the United States."

The defendant demurred, pointing out with great particularity every claimed insufficiency hereafter mentioned, and we assume that this was a special demurrer, preserving for review all the defects alleged, as far as they can then survive the verdict of guilty.

Vagueness and generality in an indictment or information may be of either of two types—as to the character of the act charged or as to the identifying circumstances. In several recent opinions we have sustained indictments or informations which were as vague as this one as to one or more of the identifying circumstances, like time, place, names of others involved, etc. Rudner v. U. S. (C. C. A.) 281 F. 516; Huth v. U. S. (C. C. A.) 295 F. 35; Miller v. U. S., 300 F. 529, and cases cited at page 532. We have reached that result in those cases because we have thought that defendant was sufficiently protected in the two essential respects: Against inability to prepare for trial, by his right under established principles in criminal pleading to have a bill of particulars when it was necessary for that purpose; and against subsequent prosecution for the same offense because, as we assumed, he could not be later prosecuted for any offense which might have been proved under the first indictment, and that same generality which (lacking a bill of particulars) permitted the government to prove any offense committed anywhere within the named territory, and at any time within the period stated or within the period of limitation, would operate to protect a defendant correspondingly.

[1, 2] It is not now important to consider whether the protection is really so broad, since, if it is not, the precise offense which was the subject of the first prosecution can doubtless be shown by parol by the defendant in aid of his plea in bar in the second case. Bartell v. U. S., 227 U. S. 427, 433, 33 S. Ct. 383, 57 L. Ed. 583. Neither in those cases did we consider how far a bill of particulars, if furnished, becomes in fact a part of the indictment or information. Especially as to indictment, there are obvious difficulties in practically incorporating therein a bill of particulars, not authorized by any statute, and in thereby supplementing an insufficient allegation. However that may be, we adhere to our former conclusion, that defendant's right to have a bill of particulars, stating in detail the time, place, and circumstances of the alleged offense, may well, and often does, bar his right to complain of what would otherwise be an insufficient indictment specification of these details. It follows that the present information was not bad because it left blank the day of the month and did not give the location within the county or the quantities made.

[3] As to insufficiency of the other type—in stating the character of the act—the objection is that it is not alleged that the article, described by its generic name "intoxicating liquor," was either (a) whisky, brandy, or any of the familiar intoxicants named in the law; or (b) had an alcoholic content of more than one-half of 1 per cent.; or (c) was fit for beverage purposes. It is, we think, obvious that the curative effect of the right to a bill of particulars is not necessarily the same as to this second type of omission as when the deficiency is only in the identifying circumstances, for here the question is whether any crime at all is charged. There are several decisions in the District Courts and Circuit Courts of Appeals more or less directly touching this question; but they are in conflict, and we prefer to consider it independently.[2]

We notice first the effect of section 32 of title 2 of the National Prohibition Act (Comp. St. § 10138½s). It was doubtless known to Congress that there was much confusion as to when an indictment or information must negative exceptions or limitations in the statute said to have been broken. The National Prohibition Act would have presented many such uncertainties—questions whether the justifying element had been made by exclusion a part of the definition of the offense, and so must be alleged, or was an exception to a general prohibition, and so must be claimed by defendant. With this situation before it, Congress said, in section 32:

"It shall not be necessary in any affidavit, information, or indictment * * * to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so."

It is our view that by this section Congress intended to establish a special rule of criminal pleading under this act, to sanction

---

[2] For a nearly or quite exhaustive citation and discussion of cases and questions cognate to this, see Myers v. U. S., 15 F. (2d) 977 (C. C. A. 8). See, also, Aroniss v. U. S. (C. C. A.) 13 F. (2d) 620; 36 Yale Law Journal, 275.

a simplicity and generality of allegation that might otherwise have been insufficient, to eliminate all necessity for reference to exceptions and limitations and provisos found in the act, and to give statutory recognition to the bill of particulars as a pleading supplemental to, and in effect a part of, the indictment or information. This is, of course, not to say that a bill of particulars may cure an indictment which does not charge the essential elements of the crime, for that would not be the indictment required by the Fifth Amendment; but the statute is, we think, intended to go as far in this direction as the limiting principle permits.

[4] We have, then, section 32, declaring that it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, and an information which charges the act of manufacturing intoxicating liquors, and says that this act was then and there prohibited and unlawful. It was then for the government to prove that defendant had manufactured intoxicating liquor, and for him to prove, if he could, that his acts of manufacture (if any) were not prohibited and unlawful. We think these considerations, without more, justify sustaining this information. It cannot be said that the words "it shall be sufficient," etc., present only the alternative to the necessity of making negative averments; they must contemplate a generality in the affirmative charge, because the next following phrase, as to a bill of particulars, is plainly intended to cure any harm which otherwise might come from some generality just authorized.

However, there is another reason: The now important sections of the act are 1, 3, and 6, of title 2 (Comp. St. §§ 10138½, 10138½aa, 10138½c). Section 6 refers especially to acts done without a permit, and so—we may assume without deciding—only to acts of the classes for which permits might sometimes be had. Section 3 is the general section of prohibition, and (excluding 6) the only one of such generality found in the act. This section (3) does not prohibit the manufacture of, e. g., whisky or of liquids fit for beverage purposes; it prohibits the manufacture of "any intoxicating liquor," eo nomine, and nothing else. A charge that defendant manufactured intoxicating liquor is a charge, in the words of the statute, of the complete offense named in the statute. The case is not one where some acts of a given class are prohibited and others are not; everything of that class is absolutely forbidden, save for the exceptions and permissions which, in view of section 32, constitute "defensive negative averments," and need not be mentioned. The argument against the sufficiency of the information depends upon section 1 of the act. This is a section, not of prohibition, but of definition. We resort to it only to learn the meaning of the language used in section 3. For the purposes of this opinion we may accept the construction of section 1 presented in the argument by defense, namely, that it covers two main classes: (a) The specifically named liquors, which are commonly known to be intoxicating, and to have a considerable percentage of alcohol, and to be fit for use for beverage purposes, and as to which, therefore, there seems to be no need for allegation of alcoholic content or use fitness; and (b) all other liquids of any one of the four named classes (spirituous, vinous, malt, or fermented), if they contain more than one-half of 1 per cent. of alcohol and are fit for beverage use, and as to which, therefore, the percentage and fitness apparently need to be established by proof. The acceptance of this construction carries no inference as to the indictment allegation necessary, but brings out the parallel thus presented to the situation decided in the Ledbetter Case, 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162.

The Internal Revenue Act there involved provided, by section 16 (Comp. St. § 5966), for the punishment of "any person who shall carry on the business of a * * * retail liquor dealer, * * * without having paid the special tax as required by law." The indictment charged, and charged only, an offense described in the words of the statute, viz. that the defendant did "carry on the business of a retail liquor dealer without having paid the special tax therefor as required by law." Section 18 of the same act (Comp. St. § 5973), in the course of differentiating between retail liquor dealers, who were required to pay one tax, and wholesale dealers, who were required to pay a different tax, defined retail liquor dealers as being those who were selling, in quantities of less than five gallons, "distilled spirits, wines, or malt liquors, otherwise than as hereinafter provided." One was therefore not a retail liquor dealer unless he was selling some one of those classes of liquors, and in the specified quantities, and not in a manner permitted. By putting together the section of prohibition and the section of definition, it would seem that guilt could consist only in the coexistence of three facts: Habitual sales; sales in a specified quantity; and sales of a specified liquor.

It was objected that the indictment should

have set forth the particular facts which showed that defendant was a retail liquor dealer, instead of merely stating the conclusion that he was. The court sustained the indictment upon the ground that under such a statute a charge in the words of the statute was sufficient, saying (page 610 [18 S. Ct. 775]) : "But we are of opinion that the statute in this case (section 16) does define the offense with the requisite precision, and that the pleader has chosen the safer course in charging it in the language of this section." This conclusion was fortified by pointing out that section 16 was the section which stated the offense and prohibited it, while section 18 was only a section of definition, and that it was not necessary that the statutory definition should be developed in the indictment. The court said (page 611 [18 S. Ct. 776]) : "But we do not think it necessary to charge the offense in the language of the definition. If Congress had not defined a retail liquor dealer, it would be proper to resort to the dictionary for a definition of this term; but it is no more necessary in one case than in another to charge the offense in the language of the definition."

This holding is applicable with precision to the facts of the present case. The information having charged in the words of the statute that defendant had committed the offense thereby described, it is not "necessary to charge the offense in the language of the definition." We think the Ledbetter Case decisive of our present question. We do not overlook that in that case no objection was made until after judgment; but the opinion does not suggest that the absence of more prompt objection was of any importance as to the necessity for stating the ultimate facts which constituted the offense, but rather it implies importance therefor only as to the indefinite allegations of time and place (see page 614 [18 S. Ct. 776]).

[5] To this result it is not necessary that the information, in addition to saying "prohibited and unlawful," should identify the statute violated. This is not only because the courts judicially know there is only one statute to which reference can be intended, but because reference to any particular statute is usually, if not always, unnecessary. Biskind v. U. S. (C. C. A. 6) 281 F. 47, 49–50, 28 A. L. R. 1377. The indictment in the Ledbetter Case did not specify the statute involved, but refers only to it in general terms.

[6] Next, we find objection based on prior trial and acquittal for the same offense. The former trial was upon an information charg-

ing possession "on the ——— day of September, 1923," while the present information complains of acts committed in September, 1924. Manifestly, these offenses do not seem to be the same. If resort is had to the proofs, it would appear that the defendant's course of conduct, which involved manufacture, possession, and, sale, was the continuous conducting of a business of the same general character over the periods involved in the former prosecution and in this one. It may even be said that an acquittal in the one case and conviction in the other were not reconcilable by any "rule of reason;" but they need not be. Gozner v. U. S. (C. C. A. 6) 9 F.(2d) 603; Seiden v. U. S. (C. C. A. 2) 16 F.(2d) 197.

[7, 8] Defendant was carrying on a substantial commercial enterprise as a manufacturer of fruit jellies. He kept the fruit juice, with the crushed fruit, in barrels until it fermented, and would have on hand at one time 25 or 30 barrels of such juices. Then he boiled it down into jelly. In this fermented stage the juice, whether it was rightly called wine or vinegar, had a percentage of alcohol as high as 15; and in this stage defendant was selling it, in jugs, and quart and pint jars, to all comers, and they were numerous. Defendant claimed it was not fit for beverage purposes, and that he sold it only for the purchasers to make jelly out of; the government claimed it was sold as a beverage and was fit therefor; from the viewpoint most favorable to defendant this presented a question of fact for the jury; and the jury found against him. Plainly, the possession of his stock of these juices in September, 1923—all of which was doubtless soon sold or made into jelly—is not the same offense as manufacture, possession, and sale of similar material a year later.

[9] It is true that the court charged the jury that conviction might be based upon any acts committed within three years before filing this information; and to the extent that this charge permitted conviction in this case, under the possession count, for the same acts of possession for which defendant had been acquitted by the previous verdict, it was erroneous—indeed, so plainly erroneous that it was doubtless inadvertent, and would have been corrected at once, if its objectionable character in this respect had been called to the attention of the trial judge. No objection was made. If, however, we can overlook the absence of objection and exception, it will be clear that no prejudice resulted. If in fact this liquid, being regularly and continually sold by Leonard, was

fit for beverage use, and was sold by him for that use—as the jury found—then under Leonard's own testimony he was plainly guilty under every count of the information and in matters arising after the former acquittal. The analogy, if not the letter, of section 269 of the Judicial Code, as amended (Comp. St. § 1246), is helpful upon all the questions so far discussed.

[10] The defendant was sentenced to imprisonment concurrent upon the manufacture and sale counts, to a fine upon the possession count, and an additional fine upon the nuisance count. We do not find in the facts herein any merger of offenses which discloses in this sentence any double punishment. The nuisance count, because it involves some degree of continuity of use and characterizing of premises, is thereby distinguished from the mere act of manufacture or sale. We understand that there is a possession which is merely a necessary incident of the completed manufacture, and which cannot logically be separated from the manufacture as a distinct offense, and also that there is a possession accompanying and incident to the act of sale delivery which cannot be considered as distinct from the act of sale. See our decisions in Reynolds v. U. S., 280 F. 1, and Miller v. U. S., 300 F. 529, 534. Between these two extremes there is an intermediate possession, more or less extensive, which is distinguishable from either, and which is capable of constituting a distinct offense, separately committed and separately punishable. Albrecht v. U. S. (January 3, 1927) 47 S. Ct. 250, 71 L. Ed. ——. Leonard's possession in this case was of the class covered by the Albrecht decision, and was therefore separately punishable.

The judgment is affirmed.