## DA ROZA v. UNITED STATES.
### No. 6310.

Circuit Court of Appeals, Ninth Circuit.
April 6, 1931.

Rehearing Denied May 11, 1931.

Ernest Spagnoli, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and A. E. Bagshaw, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, WILBUR, and SAW-TELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

The defendant below pleaded guilty to an indictment charging the manufacture of intoxicating liquor in violation of the National Prohibition Act. The indictment charged that the defendant at a certain time and place mentioned "knowingly and wilfully committed a prohibited and unlawful act by the manufacture of certain intoxicating liquor fit for use for beverage purposes, to-wit: 117 gallons of whiskey." Upon his plea, he was adjudged guilty as charged and sentenced to be imprisoned for the period of nine months in the county jail of San Francisco county, Cal. Thereafter defendant filed his petition for appeal to this court, which was duly allowed.

The only errors assigned are as follows:

"1. That said judgment of conviction pronounced and rendered was and is absolutely void and of no effect, and that said Edward da Roza is now confined and deprived of his liberty in violation of the inalienable rights secured and guaranteed to him by the Constitution of the United States, in that the District Court of the United States denied to said Edward da Roza due process of law within the meaning of the due process of law clause of the Fifth Amendment to the Constitution of the United States, and denied to said Edward da Roza the rights and privileges extended to him by article 11, § 2, cl. 1, of the Constitution of the United States for the following reason:

"That said judgment of conviction is erroneous because the indictment upon which in turn said judgment is rested does not inform the said Edward da Roza of the cause and nature of the accusation against him within the meaning of the Sixth Amendment to the Constitution of the United States for the following reasons, namely:

"That the first count contained in said indictment does not allege that the manufacture of certain intoxicating liquor fit for use for beverage purposes, to-wit: 117 gallons of whiskey, was for beverage purposes, that is to say, that the manufacture of said liquor was *intended* for beverage purposes—that intention being an essential element of the offense charged."

The defendant neither demurred to the indictment nor filed a motion in arrest of judgment. He insists here for the first time that the indictment was so defective as to affect his substantial rights, and that in consequence the judgment is void.

The sole question presented to this court is whether the indictment charges an offense against the United States. It is contended that the indictment is fatally defective, in that it fails to allege that the intoxicating liquor, which the defendant by his plea of guilty admits having manufactured, was *intended* for beverage purposes, and that the intention or purpose is an essential element of the offense attempted to be charged. We find no merit in this contention, in the contention that the defendant has been deprived of any right under the Fifth Amendment to or any other section of the Constitution of the United States, or in the contention

that the judgment is erroneous because it does not inform the defendant of the "nature and the cause of the accusation" against him, as required by the Sixth Amendment to the Constitution.

Section 3, title 2, of the National Prohibition Act (27 USCA § 12), provides that: "No person shall manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this chapter. * * * Liquor for nonbeverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed, *but only as herein provided,* and the commissioner may, upon application, issue permits therefor. * * *" (Italics our own.)

It has been held that under this section the manufacture of intoxicating liquor for beverage purposes and sacramental purposes without a permit is unlawful. Weinstein v. United States, 293 F. 388 (C. C. A. 1st).

Section 29, title 2, of said act (27 USCA § 46), provides that any person who manufactures or sells liquor in violation of this chapter shall be punished for a first offense by a fine of not more than $1,000, or imprisoned not exceeding six months; and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000, and be imprisoned not less than one month nor more than five years. There are other provisions in the act authorizing the manufacture of any beverage containing less than one-half of 1 per cent. by volume on making application and giving such bond as the Commissioner shall prescribe, and places the burden of proof upon the manufacturer to show that the liquor so manufactured contains less than the said one-half of 1 per cent. of alcohol by volume.

Section 6, title 2 of said act. (27 USCA § 16), provides that no one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the Commissioner so to do, *except under certain conditions therein contained.*

It will thus be seen that nowhere in any of the quoted sections or in any other sections of the act does the act provide or make the intention of the manufacturer an ingredient of the offense of manufacture. Congress undoubtedly was conscious of the fact that there were many exceptions contained in the statute, such as, for instance, the exception allowing the manufacture of intoxicating liquor under certain conditions and the use of

such liquor for scientific and medicinal purposes, and consequently inserted in the act the following provision: "It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so." Section 32, tit. 2 of act (27 USCA § 49).

There is nothing in the latter quoted section which is in conflict with any provision of the Constitution of the United States or any amendment thereof. . Congress certainly had the right to provide for the procedure to be followed under the act and to make the act of manufacturing intoxicating liquor a criminal offense without reference to the intention of the manufacturer. There are many crimes against the United States in which the intention is not an element of the offense.

In the case of Leonard v. United States, 18 F.(2d) 208, 211 (C. C. A. 6th), not cited by counsel, the question presented was as to the sufficiency of the information. The information charged that the defendant did unlawfully and knowingly manufacture intoxicating liquor; said act being then and there prohibited and unlawful. In that case the defendant demurred to the indictment, pointing out with great particularity every claim of insufficiency. The court said:

"We have, then, section 32, declaring that it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, and an information which charges the act of manufacturing intoxicating liquors, and says that this act was then and there prohibited and unlawful. It was then for the government to prove that defendant had manufactured intoxicating liquor, and for him to prove, if he could, that his acts of manufacture (if any) were not prohibited and unlawful. We think these considerations, without more, justify sustaining this information. * * *

"A charge that defendant manufactured intoxicating liquor is a charge, in the words of the statute, of the complete offense named in the statute. The case is not one where some acts of a given class are prohibited and others are not; everything of that class is absolutely forbidden, save for the exceptions and permissions which, in view of section 32,

constitute 'defensive negative averments,' and need not be mentioned."

In the case of Young v. United States, 272 F. 967, 968 (C. C. A. 9th), a case involving the sufficiency of an information charging the defendant with maintaining a public nuisance in violation of the National Prohibition Act, this court said: "The charge follows the language of the statute with sufficient description to inform the defendant of the nature of the offense charged and the cause of the accusation, and with such certainty that he could prepare his defense and plead the judgment in bar of any subsequent prosecution for the same offense. This is sufficient. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819."

It is our opinion that the indictment is not defective either in form or substance, and that it properly charges an offense against the United States.

Judgment affirmed.