# UNITED STATES *v.* SIMMONS.

1. An indictment under sect. 3266 of the Revised Statutes, charging the defendant with causing or procuring some other person to use a still, boiler, or other vessel, for the purpose of distilling, within the intent and meaning of the internal revenue laws of the United States, is bad, unless it states the name of such other person, or avers that the same is unknown.

2. An averment that such use was "in a certain building and on certain premises where vinegar was manufactured and produced " is not sufficient, as it does not state that vinegar was manufactured or produced there at the time the still and other vessels were used for the purpose of distilling.

3. It is not necessary to aver that the spirits distilled were alcoholic. The allegation that the vessels were used "for the purpose of distilling, within the intent and meaning of the internal revenue laws of the United States," sufficiently advises the accused of the nature of the offence charged.

4. The averment, that the defendant caused and procured the stills and other vessels to be used, implies, with sufficient certainty, that they were in fact used; and the nature of the means whereby their unlawful use was procured is matter of evidence to establish the imputed intent, and not of allegation in the indictment.

5. In an indictment under sect. 3281 of the Revised Statutes, charging that the defendant knowingly and unlawfully engaged in and carried on the business of a distiller, within the meaning of the internal revenue laws of the United States, with the intent to defraud the United States of the tax on spirits distilled by him, it is not necessary to state the particular means by which the fraud was effected. The intent being charged, the means are matters of evidence for the consideration of the jury.

CERTIFICATE of division between the judges. of the Circuit Court of the United States for the Eastern District of New York.

Simmons was indicted in the Circuit Court of the United States for the Eastern District of New York for violating sects. 3258, 3259, 3266, and 3281 of the Revised Statutes of the United States. The indictment contained four counts, the second of which was drawn under sect. 3266, and the fourth under sect. 3281. It is as to the sufficiency of these counts that the case comes here on certificate of division in opinion.

The facts are fully stated in the opinion of the court.

*The Solicitor-General,* for the United States, cited *United States* v. *Mills,* 7 Pet. 138 ; *United States* v. *Cook,* 17 Wall. 168 ; *United States* v. *Cruikshank et al.,* 92 U. S. 542.

*Mr. Benjamin F. Tracy,* for the defendant, cited *Lipe* v. *Becker,* 1 Den. (N. Y.) 568 ; *United States* v. *Clark,* 1 Gall. 497 ; Whart. Crim. Law, 285, 294, 300, 304, 366, 369, 372, 382, 2705 ; 1 Archb. Crim. Pr. & Pl. 86, note 2 ; id. 88 ; *United States* v. *Mills,* 7 Pet. 138 ; *People* v. *Wilbur,* 4 Park (N. Y.), Cr. 19 ; *Ewright* v. *People,* 21 How. (N. Y ) Pr. 383 ; *People* v. *Allen,* 5 Den. (N. Y.) 76 ; 1 Hale, P. C. 517, 526, 535 ; *United States* v. *Pond,* 2 Curt. 265 ; 1 Bishop, Crim. Proc. 141, 372 ; *United States* v. *Bentilini,* 15 Int. Rev. Rec. 32 ; *United States* v. *Howard,* 1 Sawyer, 507 ; *United States* v. *Staats,* 8 How. 41 ; *United States* v. *Reed,* 1 Low. 232 ; *United States* v. *Cruikshank et al.,* 92 U. S. 542 ; *People* v. *Gaige,* Green, Cr. L. R. 524 ; *United States* v. *Watkins,* 3 Cranch C. C. 441 ; *People* v. *Gates,* 13 Wend. (N. Y.) 311 ; *United States* v. *Thomas,* 4 Ben. 370 ; *State* v. *Jackson,* 39 Conn. 299 ; *United States* v. *Claflin,* 13 Blatchf. 178 ; *The Emily,* 9 Wheat. 381 ; *United States* v. *Gooding,* 12 id. 460 ; *Fillinger* v. *The People,* 15 Abb. (N. Y.) Pr. 128 ; *United States* v. *Fox,* 1 Low. 199.

MR. JUSTICE HARLAN delivered the opinion of the court.

Upon an indictment, charging violations of certain provisions of the Revised Statutes of the United States, relating to distilled spirits, Simmons was found guilty as charged in each count, and moved in arrest of judgment. The first and third counts were held to be bad, and the case is here upon a state-

ment of facts and a certificate of division in opinion upon several questions involving the sufficiency of the second and fourth counts.

The second count, pursuing the words of sect. 3266 of the Revised Statutes, charges that the defendant "did knowingly and unlawfully cause and procure to be used a still, boiler, and other vessel, for the purpose of distilling, within the in;ent and meaning of the internal revenue laws of the United States, in a certain building and on certain premises where vinegar was manufactured and produced, against the peace of the United States and their dignity, and against the form of the statute of the said United States in such case made and provided."

Under this count we are asked the following questions: First, whether it is sufficient, in an indictment drawn under that portion of the section which prohibits the use of a still, boiler, or other vessel, for the purpose of distilling, in any building or on premises where vinegar is manufactured or produced, to charge the offence in the words of the statute. Second, whether the omission of an averment that the distilling there referred to was of alcoholic spirits is a valid objection to the count.

The first question is answered in the negative.

Where the offence is purely statutory, having no relation to the common law, it is, "as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter." 1 Bishop, Crim. Proc., sect. 611, and authorities there cited. But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence. An indictment not so framed is defective, although it may follow the language of the statute.

Tested by these rules, the second count is insufficient. Since the defendant was not charged with using the still, boiler, and other vessels himself, but only with causing and procuring some one else to use them, the name of that person should have been given. It was neither impracticable nor unreasonably

difficult to have done so. If the name of such person was un-known to the grand jurors, that fact should have been stated in the indictment.

Nor does it sufficiently appear that vinegar was manufactured or produced in the building and on the premises referred to at the time the still and other vessels were used for the purpose of distilling. It is consistent with the averments that the vinegar had been manufactured or produced long prior to the date when the alleged distilling occurred. The two facts must coexist, in order to constitute the offence described in the statute.

In reference to the second question, we do not think it essential to aver in terms that the spirits distilled were alcoholic. In view of the statutory definition of distilling, the allegation that the vessels were used " for the purpose of distilling, within the intent and meaning of the internal revenue laws of the United States," was distinct and broad enough to advise the accused of the nature of the offence charged.

Counsel for the accused contend that the indictment does not show that the stills and other vessels were used for distilling. This objection cannot be sustained. The averment, that the defendant caused and procured them to be used, implies, with sufficient certainty, that they were in fact used. *United States* v. *Mills,* 7 Pet. 138.

Nor was it necessary, as argued by counsel for the accused, to set forth the special means employed to effect the alleged unlawful procurement. It is laid down as a general rule, that " in an indictment for soliciting or inciting to the commission of a crime, or for aiding or assisting in the commission of it, it is not necessary to state the particulars of the incitement or solicitation, or of the aid or assistance." 2 Wharton, sect. 1281 ; *United States* v. *Gooding,* 12 Wheat. 460. The nature of the means whereby the unlawful use of the still and other vessels was procured is matter of evidence to establish the imputed intent, and not of allegation in the indictment.

The fourth count is based upon sect. 3281 of the Revised Statutes, and charges that the defendant " did knowingly and unlawfully engage in and carry on the business of a distiller, within the intent and meaning of the internal revenue laws of

the United States, with the intent to defraud the United States of the tax on the spirits distilled by him, against the peace," &c.

This count seems to us sufficient to authorize judgment thereon. It was not necessary to state in the indictment the particular means by which the United States was to be defrauded of the tax. The defendant is entitled to a formal and substantial statement of the grounds upon which he is questioned, but not to such strictness in averment as might defeat the ends of justice. The intent to defraud the United States is of the very essence of the offence; and its existence in connection with the business of distilling being distinctly charged, must be established by satisfactory evidence. Such intent may, however, be manifested by so many acts upon the part of the accused, covering such a long period of time, as to render it difficult, if not wholly impracticable, to aver, with any degree of certainty, all the essential facts from which it may be fairly inferred.

" The means of effecting the criminal intent," says Mr. Wharton, " or the circumstances evincive of the design with which the act was done, are considered to be matters of evidence to go to the jury to demonstrate the intent, and not necessary to be incorporated in an indictment." 1 Wharton, sect. 292 ; *United States* v. *Gooding, supra.* To the same effect is the opinion of Mr. Justice Miller in the case of *United States* v. *Ulrici,* 3 Dill. 535.

But it is contended that the fourth count contains no averment of an unlawful act, but only of an intent to defraud the United States of the tax on spirits ; and that it is not competent for Congress to punish a mere intent, however fraudulent, unaccompanied by an unlawful act. We do not think the indictment justly liable to this objection.

The internal revenue laws define the business of a distiller. Congress has the constitutional power to prescribe, as it has done, rules and regulations, in conformity to which that business may be lawfully carried on. But the citizen may not engage in or carry on such business with the intent to defraud the government of the tax on spirits distilled by him. If he does, he thereby commits the offence charged in the count under consideration, and is liable to the punishment prescribed by

statute. But such punishment is not inflicted merely or solely because of the intent to defraud. It is the act of engaging in the distillation of spirits, combined with that intent, which constitutes the offence. A question somewhat analogous arose in *The Emily*, 9 Wheat. 381. That was an information, founded upon the statutes prohibiting the slave-trade. Under those statutes, a vessel fitted out by any citizen or resident of the United States, for the purpose of carrying on any trade or traffic in slaves, contrary to the provisions of the statutes, &c., was subject to forfeiture. This court said: "The object in view, by the section of the law under consideration, was to prevent the preparation of vessels in our own ports which were intended for the slave-trade. Hence is connected with this preparation, whether it consists in building, fitting, equipping, or loading, the purpose for which the act is done. The law looks at the intention, and furnishes authority to take from the offender the means designed for the preparation of the mischief. This is not punishing the intention merely; it is the preparation of the vessel *and* the purpose for which she is to be employed that constitutes the offence, and draws after it the penalty of forfeiture. . . . The intention or purpose for which the vessel is fitting must be made out, so as to leave no reasonable doubt as to the object. This is a matter of proof, and, generally speaking, to be collected from the kind of preparation that has been made." In the subsequent case of *United States* v. *Gooding*, *supra*, which was a prosecution for being engaged in the slave-trade contrary to the prohibitions of the act of 1818, the court said that the statute imputed no guilt to any particulars of the equipment of the vessel, but to the act of fitting out the vessel, with the illegal intent to engage in the prohibited traffic; that it was "the act, combined with the intent, and not either separately, which is punishable."

These decisions furnish rules applicable to the case under consideration. The statute does not prescribe a punishment simply for the intent to defraud the United States of the tax on spirits distilled, but for the act of engaging in and carrying on the business of a distiller with that intent. The act and the fraudulent intent together constitute the offence. That Congress, as a means of protecting the revenue and of

securing taxes rightfully due the government, may declare such an act, when accompanied by such an intent, to be a public offence, and prescribe a punishment therefor, we do not doubt.

The views here expressed furnish a sufficient answer to the questions propounded under the fourth count.

It will therefore be certified, as the opinion of this court, on the points of division, — 1. That the second count of the indictment is insufficient to authorize a judgment thereon. 2. That the fourth count is sufficient to authorize judgment to be pronounced thereon against the defendant; and it is

*So ordered.*