ENDERS v. UNITED STATES.

HINN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1911. Rehearing Denied April 11, 1911.)

Nos. 1,726, 1,729.

1. INTERNAL REVENUE (§ 47*)—OFFENSES—OLEOMARGARINE ACT—VIOLATION—INDICTMENT.

The oleomargarine act (Act Aug. 2, 1886, c. 840, § 3, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2229] as amended by Act May 9, 1902, c. 784, § 2, 32 Stat. 194 [U. S. Comp. St. Supp. 1909, p. 864]) provides that manufacturers of oleomargarine shall pay $600, and that any person manufacturing oleomargarine for sale shall be deemed a manufacturer, and any person that sells, vends, or furnishes oleomargarine for use and consumption of others than his own family table without compensation. who shall add to such oleomargarine any artificial coloration that causes it to look like butter, shall also be a manufacturer of oleomargarine, subject to the provisions of the act. *Held*, that the statute created two classes of manufacturers, one manufacturing oleomargarine itself for sale, and the other those selling oleomargarine for consumption after adding artificial coloration; and hence an indictment against an alleged member of the second class for selling oleomargarine on which the tax was not paid was not defective for failure to contain the averment, applicable only to original

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

manufacture, that the oleomargarine on which the tax was not paid was intended for sale.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150: Dec. Dig. § 47.*]

2. INDICTMENT AND INFORMATION (§ 110*)—OFFENSES—TREATING OLEOMARGARINE—ARTIFICIAL COLORATION—INDICTMENT.

Oleomargarine Act Aug. 2, 1886. c. 840, § 17, 24 Stat. 212 (U. S. Comp. St. 1901, p. 2234), provides that whenever any person, engaged in carrying on the business of manufacturing oleomargarine, defrauds or attempts to defraud the United States of the tax on the oleomargarine produced by him, or any part thereof, he shall forfeit the factory and manufacturing apparatus used by him and all oleomargarine and raw material for the production of oleomargarine found in the factory, and shall be fined, imprisoned. etc. Held that, since the tax on oleomargarine is leviable when the substance is manufactured and sold or removed for consumption and use, an indictment alleging a manufacture and sale of oleomargarine without payment of the tax, and with intent to defraud the United States of the same and that it should not be paid, in the language of the statute, was not invalid, in the absence of an application for a bill of particulars, for failure to allege the specific means by which defendant attempted or intended to attempt to defraud the United States.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. § 110.*]

3. INTERNAL REVENUE (§ 47*)—OFFENSES—OLEOMARGARINE TAX—INDICTMENT.

Where an indictment for an attempt to defraud the United States of a tax on oleomargarine, in violation of Oleomargarine Act Aug. 2, 1886, c. 840, § 17, 24 Stat. 212 (U. S. Comp. St. 1901, p. 2234) contained a general charge in the language of the statute, it was not objectionable for failure to affirmatively allege that the tax was assessable, as the defendant was notified by such general charge that the government intended to prove either that the oleomargarine had been sold, or that it had been removed for sale and consumption, without payment of the tax.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 47.*]

4. INTERNAL REVENUE (§ 47*)—OLEOMARGARINE TAX—DEFRAUDING UNITED STATES—EVIDENCE.

Evidence held sufficient to sustain a conviction of manufacturing oleomargarine by the addition of artificial coloration, and that the same had been sold or removed for sale and consumption without payment of the required tax with intent to defraud the United States.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 47.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Edward Enders and Henry Hinn were convicted of violating the oleomargarine law, and they bring error. Affirmed.

Frank R. Reid and Wells M. Cook, for plaintiffs in error.

Edwin W. Sims, U. S. Atty., and Wm. H. Medaris, for the United States.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges

GROSSCUP, Circuit Judge, delivered the opinion.

The plaintiffs in error were tried and found guilty upon the first and thirteenth counts of an indictment, the essential parts of which counts are as follows:

"Did knowingly, wilfully and unlawfully carry on the business of manufacturers of oleomargarine, in that they (the plaintiffs in error), being then

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes.

and there persons that sold, vended and furnished oleomargarine for the use and consumption of others except their own family tables without compensation, did then and there add to and mix with said oleomargarine artificial coloration that caused it to look like butter of a shade of yellow, without having paid the special tax therefor required by law, to-wit," etc.; and

"were then and there persons engaged in carrying on the business of manufacturing oleomargarine, and being so engaged in said business, did then and there defraud and attempt to defraud the United States of the tax on a large quantity of oleomargarine produced and manufactured by them during said period of time, to-wit, they (plaintiffs in error), did, as aforesaid, within said period of time, then and there, as such persons so engaged in carrying on the business of manufacturing oleomargarine, manufacture, produce and furnish for the use and consumption of others, forty thousand pounds of oleomargarine not free from artificial coloration, but having and containing artificial coloration which caused it to look like butter of a shade of yellow, and which said oleomargarine was not produced and furnished by said (plaintiffs in error) for the use and consumption of their own family tables without compensation, and which said forty thousand pounds of oleomargarine was then and there, at the time it was so manufactured, produced, removed and furnished, subject by law to a tax of ten cents per pound," all of which plaintiffs in error well knew, but which tax they did not pay, nor any part thereof, "and of which taxes, amounting to the sum of four thousand dollars in lawful money of the United States, they, (plaintiffs in error) then and there, in the manner and form aforesaid, unlawfully, knowingly, wilfully, feloniously and intentionally did attempt to defraud and did defraud the United States."

The sufficiency of both counts was challenged in the Court below, by demurrer, as uncertain, insufficient, indefinite and informal, in that the acts therein attempted to be charged against the defendants (plaintiffs in error) are not charged by direct averment; and that the acts therein charged do not constitute an offense against the United States. The same challenges are contained in motions in arrest of judgment.

The sufficiency of the evidence to go to the jury was also challenged by a motion to direct a verdict at the close of the evidence for the prosecution, and by a motion to direct a verdict at the close of all the testimony. The demurrer, motions in arrest of judgment, and motions to direct a verdict, were all overruled.

[1] 1. The objection to the first count in the indictment is that there is no averment that plaintiffs in error were engaged in the manufacture of oleomargarine for sale. The statute in question is as follows:

"That special taxes are imposed as follows: Manufacturers of oleomargarine shall pay six hundred dollars. Every person who manufactures oleomargarine for sale shall be deemed a manufacturer of oleomargarine. And any person that sells, vends, or furnishes oleomargarine for the use and consumption of others, except to his own family table without compensation, who shall add to or mix with such oleomargarine any artificial coloration that causes it to look like butter of any shade of yellow shall also be held to be a manufacturer of oleomargarine within the meaning of said Act, and subject to the provisions thereof." Act Aug. 2, 1886, c. 840, § 3, 24 Stat. 209 (U. S. Comp. St. 1901, p. 2229), as amended by Act May 9, 1902, c. 784, § 2, 32 Stat. 194 (U. S. Comp. St. Supp. 1909, p. 864).

Manifestly, under this statute, there are two classes of manufacturers—those who manufacture the oleomargarine itself for sale, and those who sell oleomargarine for the use and consumption of others adding to, or mixing with such oleomargarine, artificial coloration. The tax is a tax on a business, and the business described in the later paragraph of the section is as clearly made taxable as the

manufacture of oleomargarine for sale. The first count of the indictment brings plaintiffs in error within that business; and is sufficient, in the absence of averment, applicable only to the original maufacture, that the oleomargarine, upon which the tax was not paid, was intended for sale.

[2] 2. The thirteenth count of the indictment is in the language of Section 17 of the statute, which reads as follows:

"That whenever any person engaged in carrying on the business of manufacturing oleomargarine, defrauds or attempts to defraud the United States of the tax on the oleomargarine produced by him, or any part thereof, he shall forfeit the factory and manufacturing apparatus used by him, and all oleomargarine and all raw material for the production of oleomargarine found in the factory and on the factory premises, and shall be fined not less than five hundred dollars nor more than five thousand dollars, and be imprisoned not less than six months nor more than three years." Act Aug. 2, 1886, c. 840, 24 Stat. 212 (U. S. Comp. St. 1901, p. 2234).

Where the offense is purely statutory, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge the defendants with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter. 1 Bish. Crim. Proc. § 611; United States v. Simmons, 96 U. S. 362, 24 L. Ed. 819.

In United States v. Simmons, supra, the charge, in the language of the statute, was that the defendant "did knowingly and unlawfully engage in and carry on the business of a distiller, within the intent and meaning of the internal revenue laws of the United States, with the intent to defraud the United States of the tax on the spirits distilled by him." Of this, the Supreme Court says:

"This count seems to us sufficient to authorize judgment thereon. It was not necessary to state in the indictment the particular means by which the United States was to be defrauded of the tax. The defendant is entitled to a formal and substantial statement of the grounds upon which he is questioned, but not to such strictness in averment as might defeat the ends of justice. The intent to defraud the United States is of the very essence of the offense; and its existence in connection with the business of distilling being distinctly charged, must be established by satisfactory evidence. Such intent may, however, be manifested by so many acts upon the part of the accused, covering such a long period of time, as to render it difficult, if not wholly impracticable, to aver, with any degree of certainty, all the essential facts from which it may be fairly inferred.

" 'The means of effecting the criminal intent,' says Mr. Wharton, 'or the circumstances evincive of the design with which the act was done, are considered to be matters of evidence to go to the jury to demonstrate the intent, and not necessary to be incorporated in an indictment.' 1 Wharton, § 292; United States v. Gooding [12 Wheat. 460, 6 L. Ed. 693], supra. To the same effect is the opinion of Mr. Justice Miller in the case of United States v. Ulrici, 3 Dill. 535 [Fed. Cas. No. 16,594]."

The tax was leviable when the oleomargarine was "manufactured and sold, or removed for consumption and use," and the facts relied upon to constitute conviction in this case were, that upon oleomargarine thus manufactured and removed for consumption and use, the tax of ten cents per pound had not been paid, with the intent that it should not be paid. To the objection that such specific means of defrauding the government should have been set forth in the indict-

ment, it is sufficient to say, in the language of the Supreme Court, that it is only one of the many means by which the crime—the defrauding of the United States, or the attempt to defraud—is committed; and therefore, in the absence of a request for a bill of particulars, or some other request that the specific means be more particularly disclosed, does not invalidate the indictment. Nowhere in the demurrers filed, or anywhere else in the record, is there an objection that such specific means are not disclosed.

[3] To the objection that the counts do not affirmatively show that the tax was assessable, it is sufficient to say that the general charge in the language of the statute involves the fact that it was assessable, and we see no reason why, under such a general charge, plaintiffs in error are not apprised that the government intends to prove, either that the oleomargarine has been sold, or that it was removed for sale and consumption. It is not as if the omitted particular was something not within the knowledge of plaintiffs in error at the time. It was a particular clearly within their knowledge.

[4] 3. The proof satisfies us that the case properly went to the jury, and that the jury properly found a verdict of guilty. Plaintiffs in error did not manufacture the oleomargarine, but they brought it to their basement and mixed with it the artificial coloring matter, being at the time in the business of selling oleomargarine, both white and colored, under circumstances that showed that they were doing it secretly and with intent to evade the ten cent tax. This work was done behind barred doors. The officers found the work of mixing partly finished, in packages ready to be sold, and partly unfinished, with the oils and other coloring matter at hand. It was a clear case of "moonshining" in the artificial coloring of oleomargarine, and leaves no doubt in the mind of the Court, as it left no doubt in the mind of the jury, that the intent was to defraud the government. When men know they are walking on the walls of the penitentiary, they must not be surprised that occasionally one falls in.

The judgment in both cases is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes