## GRAHAM v. UNITED STATES.
### No. 2214.

Circuit Court of Appeals, Tenth Circuit.
May 27, 1941.
Rehearing Denied June 23, 1941.

544

Anthony J. Albert, of Santa Fe, N. M. (Romeo Cunningham, of Santa Fe, N. M., on the brief), for appellant.

Everett M. Grantham, U. S. Atty., of Santa Fe, N. M. (Gilberto Espinosa and Donald B. Moses, Asst. U. S. Attys., both of Albuquerque, N. M., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Graham was charged by indictment with the violation of 18 U.S.C.A. § 338. From a judgment on a verdict of guilty, he has appealed.

The indictment charged that Graham, having devised and intending to devise a scheme to obtain money and property, by false and fraudulent pretenses, representations, and promises, from one J. A. McKendry, would as part of such scheme falsely represent and pretend that he was a representative of interests engaged in forming a drilling pool by acquiring leases on a large area of state-owned land in the state of New Mexico; that when the pool was completed, the leases would be sold to a large oil company which, within six months thereafter, would drill on such leases; that McKendry could purchase a part of the leases and realize large returns therefrom in a very short period of time; that such pretenses, promises, and representations were false and fraudulent; that Graham did not represent a group which was forming a drilling pool to be sold to a large oil company and had no agreement with any oil company or other group to drill a well on such leases; that he was engaged as the agent of Dorothy Heard in the sale of oil leases located in unproven territory and belonging to Dorothy Heard which she had purchased from the state of New Mexico at prices not to exceed five cents per acre; and that Graham, having so devised such scheme for the purpose of obtaining money and property by false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme, caused to be deposited in the United States Post Office at Santa Fe, New Mexico, for transmittal through the United States mails, according to the direction thereon, a certain envelope, with postage prepaid, addressed to McKendry at 602 West Sixth Street, Pueblo, Colorado, in which envelope there was enclosed a letter from Frank Worden, Commissioner of the State Land Office, and an assignment of an oil and gas lease covering 160 acres situate in Chaves County, New Mexico.

Graham challenged the sufficiency of the indictment by demurrer below and here urges that the indictment is defective in that it fails to allege that Graham, in fact, made the false representations alleged as a part of the scheme. The elements of the offense defined in § 338, supra, are (1) a scheme devised or intended to be devised to defraud, or for obtaining money or property by false or fraudulent pretenses, representations, or promises, and (2) the use of the United States mails for the purpose of executing the scheme or attempting so to do.[1] It is not the making of the false pretenses, representations, or promises that constitutes the first element of the offense. It is the devising or intending to devise the scheme. It is neither necessary to allege nor prove that the false pretenses, representations, or promises were actually made.[2] But proof that the false pretenses, representations, or promises were made is usually adduced to establish the scheme charged in the indictment.

Counsel for Graham further contend that the indictment did not sufficiently charge the use of the mails. The indictment is predicated on that part of § 338, supra, reading "shall, for the purpose of executing such scheme or artifice or attempting so to do, * * * cause to be placed, any letter, * * * writing, * * * in

[1] Stryker v. United States, 10 Cir., 95 F.2d 601, 604; Mazurosky v. United States, 9 Cir., 100 F.2d 958, 961.

[2] Hyney v. United States, 6 Cir., 44 F. 2d 134, 136.

any post office, * * * to be sent or delivered by the post office establishment of the United States." Here, the indictment charged that Graham, for the purpose of executing the scheme, caused an envelope, in which was enclosed a letter and assignment, particularly described in the indictment, to be deposited in the United States Post Office at Santa Fe, New Mexico, for transmittal through the United States mails according to the direction on the envelope. Thus, it will be seen that the ultimate facts constituting the second element of the offense are pleaded substantially in the language of the statute. It was not necessary to set out the means employed by Graham to cause the envelope, letter, and assignment to be mailed. Those are evidentiary facts which need not be pleaded.[3]

The test of the sufficiency of an indictment is whether it contains the elements of the offense intended to be charged and is sufficiently definite to apprise the defendant of what he must be prepared to meet and to support a plea of former acquittal or conviction against another charge for the same offense.[4]

We hold the indictment meets the test above set out.

The evidence established these facts: Dorothy Heard who resided at Taos, New Mexico, had acquired oil and gas leases on state lands from the state of New Mexico. Each lease embraced 2000 acres. For each lease she paid five cents per acre, plus a $5 recording fee, or a total of $105. Graham and others were engaged in selling portions of these leases in Colorado and elsewhere. When they effected a sale, they advised Mrs. Heard and she executed an assignment covering the acreage sold, and the State Land Office issued a duplicate assignment to the purchaser. Graham and others engaged in effecting the sales paid her for the assignments at the rate of either $6 or $7.50 for each 40 acres embraced in the assignment.

Graham and one Standefer, who was also engaged in selling leases, agreed that they would effect the sales by representing to prospective purchasers that they were attempting to block 2000 acres of leases, and that when the leases were sold and the block completed, it would be turned over to a major oil company for drilling. Thereafter, and on March 14, 1938, Graham called on J. A. McKendry, of Pueblo, Colorado, for the purpose of selling him an assignment of a portion of one of the Heard leases. Graham represented to McKendry that he was selling oil leases controlled by Dorothy Heard; that she had leases embracing approximately 5000 acres which was more than she could handle; that she was selling assignments so as to form a large block; that practically all the leases had been sold, and that when the block was completed, it would be turned over to a major oil company for drilling. Graham offered McKendry an assignment covering 160 acres for $160. He represented that Dorothy Heard would receive the purchase price and he would retain a two per cent overriding royalty; and that the lease offered McKendry was favorably located on a structure which was a continuation of the Hobbs Oil Field structure in New Mexico. McKendry agreed to purchase the lease and made a down payment of $25 for which Graham gave him a written receipt which recited that the balance was payable April 5, 1938. About April 1, 1938, the Commissioner of the State Land Office delivered to Dorothy Heard at Santa Fe, New Mexico, the letter described and set out in the indictment and a duplicate assignment of the lease covering the lands transferred by Dorothy Heard to McKendry. Dorothy

---

[3] Mark Yick Hee v. United States, 2 Cir., 223 F. 732, 734; Enders v. United States, 7 Cir., 187 F. 754, 757, 758; United States v. Simmons, 96 U.S. 360, 363, 364, 24 L.Ed. 819.

[4] See United States v. Behrman, 258 U.S. 280, 288, 42 S.Ct. 303, 66 L.Ed. 619; Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; Kerns v. United States, 10 Cir., 74 F.2d 351, 352; Crapo v. United States, 10 Cir., 100 F.2d 996, 1000; Weber v. United States, 10 Cir., 80 F.2d 687, 689, 690.

In Hagner v. United States, supra [285 U.S. 427, 52 S.Ct. 419, 76 L.Ed. 861], the court said:

"The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

Heard enclosed the letter and assignment in an envelope addressed to McKendry at Pueblo, Colorado, and deposited the envelope and its contents in the Post Office at Santa Fe, New Mexico, and they were received by McKendry through the United States mails at Pueblo, Colorado. On April 21, 1938, McKendry paid the balance of $135 on the purchase price to Graham by check drawn on the First National Bank of Pueblo.

Graham requested McKendry not to accept any offer for the assignment from a scout of the large oil company until he had given Graham a chance to purchase the assignment at the same price.

The acreage embraced in the McKendry assignment was approximately 60 miles from any producing area and had a value of five cents per acre. It was not on a structure which was a continuation of the Hobbs Oil Field.

The relations between Mrs. Heard and Graham, and their prior transactions, fully warranted the jury in drawing the inference that Graham caused her to deposit the envelope and its contents in the Post Office at Santa Fe, New Mexico, directed to McKendry at Pueblo, Colorado.

Counsel for Graham contend that the evidence did not establish the scheme charged in the indictment. It is true that the evidence did not establish that Graham made all of the misrepresentations charged in the indictment as a part of the scheme, but it is not necessary to prove all the false representations charged, if proof of a lesser number lays a foundation for a finding by the jury that the scheme substantially as charged was, in fact, devised.[5] Here, the proof of the representations made by Graham to McKendry warranted the jury in finding that the scheme was devised by Graham substantially as charged in the indictment.

After the court had instructed the jury in substance that the charge in the indictment embraces two elements, one, the scheme, and the other, the use of the mails to execute the scheme; that the defendant was presumed to be innocent until his guilt was established by the evidence to the jury's satisfaction beyond a reasonable doubt; that such presumption remained with the defendant until removed by evidence establishing his guilt beyond a reasonable doubt; and that the burden of proof rested on the government to prove each material allegation in the indictment beyond a reasonable doubt, the court further instructed the jury as follows:

"It is set out in the Indictment what is alleged to be false representations and promises. If the evidence substantially proves such false and fraudulent representations, if you believe they were made, it is sufficient; they do not have to prove them in exact language, if it proves the substantial false representations coupled with the intent to defraud the witness McKendry, it is sufficient."

Counsel for Graham urge that the quoted instruction eliminated the requirement that the proof established the guilt of the defendant beyond a reasonable doubt. Instructions must be read as a whole. All the parts thereof must be considered together and excerpts or particular parts should not be separated and considered apart from the whole.[6] When the charge is considered as a whole, we do not think that the quoted portion of the charge could have led the jury to believe that it was not necessary for the government to establish the scheme as an element of the offense to the satisfaction of the jury beyond a reasonable doubt. The quoted instruction merely advised the jury that it was not necessary to prove the false and fraudulent representations exactly as laid in the indictment, but that proof of such false representations substantially as charged was sufficient.

We conclude that the record fails to disclose substantial prejudicial error. The judgment is, therefore, affirmed.

[5] Havener v. United States, 10 Cir., 49 F.2d 196, 199, certiorari denied 284 U.S. 644, 52 S.Ct. 24, 76 L.Ed. 547; Rude v. United States, 10 Cir., 74 F.2d 673, 677; Mathews v. United States, 8 Cir., 15 F.2d 139, 144, 145; Kaplan v. United States, 2 Cir., 18 F.2d 939, 943; Nash v. United States, 229 U.S. 373, 380, 33 S.Ct. 780, 57 L.Ed. 1232.

[6] Caldwell v. United States, 10 Cir., 36 F.2d 742, 744; Tanchuck v. United States, 10 Cir., 93 F.2d 534, 536; Martin v. United States, 10 Cir., 100 F.2d 490, 497.