182

Edmund J. Brandon, U. S. Atty., and Edward D. Hassan, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

David Stoneman, S. Sidney Stoneman, and Singer, Stoneman & Kurland, all of Boston, Mass., for defendant A. Blanchard.

FORD, District Judge.

In this case an indictment returned February 20, 1942, charged the defendant Steinberg (now deceased) in eleven counts with the misapplication of funds from the Peoples National Bank of Southbridge, in violation of Title 12 U.S.C.A. § 592. In counts numbered 1, 2, 3, 4, 6, 7, 8, 10 and 11, the defendant Arthur A. Blanchard is charged with "aiding and abetting" Steinberg in violation of Title 18 U.S.C.A. § 550.

The defendant Blanchard filed a motion for particulars on September 18, 1942, and the matter has now been heard by me.

█ There is no question that the indictment charges Steinberg with every essential element of offenses against the National Bank Act, 12 U.S.C.A. § 21 et seq., and it does so with such sufficient certainty and directness as to enable him to prepare a defense (if he were alive) and protect himself from double jeopardy in the event of a future prosecution for the same offenses. These are the only necessary essential elements of a valid indictment.

█ The only question is: Has Blanchard a right to particulars setting forth the exact manner and means (together with the names of the participating parties) in which it is charged that he did aid and abet Steinberg unlawfully to misapply the funds of the Peoples National Bank of Southbridge? I think not.

█ The courts have invariably held that an allegation of "aiding and abetting" is sufficient without stating the particulars. In United States v. Simmons, 96 U.S. 360, 363, 24 L.Ed. 819, the court stated: "It is laid down as a general rule, that 'in an indictment for soliciting or inciting to the commission of a crime, or for aiding or assisting in the commission of it, it is not necessary to state the particulars of the incitement or solicitation, or of the aid or assistance' ". See Coffin v. United States, 156 U.S. 432, 448, 15 S.Ct. 394, 39 L.Ed. 481, a case involving a violation of R.S. § 5209, 12 U.S.C.A. § 592; Hale v. United States, 8 Cir., 25 F.2d 430; Keliher v. United States, 1 Cir., 193 F. 8, 13; Securities and Exchange Commission v. Timetrust, Inc., D.C., 28 F.Supp. 34, 43.

The basic reason for this attitude on the part of the courts is that the defendant knows with sufficient particularity the crime in the commission of which he is accused of aiding and abetting. He knows the offense the principal defendant is charged with and he knows better than anyone else of the act or acts he committed,

if any, to assist in its commission. This information is peculiarly within his own knowledge. To require the government to go into detail as to the particulars of his participation would impose the unwarrantable burden upon the government of compelling it to disclose its evidence before trial. There is nothing in the law that requires this.

The motion is denied.