Charles A. HASKELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 5428.

United States Court of Appeals
Tenth Circuit.

Feb. 18, 1957.

Rehearing Denied March 5, 1957.

Anthony F. Zarlengo, Denver, Colo. (Fred M. Winner, Denver, Colo., was with him on the brief), for appellant.

John S. Pfeiffer, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

BRATTON, Chief Judge.

The indictment in this case—drawn under 26 U.S.C.A. § 145(a)—charged that during the calendar year 1951, Charles A. Haskell, a resident of Colorado, received gross income in the amount of $43,518.75; that by reason thereof he was required by law, after the close of the calendar year 1951 and on or before September 15, 1952, to make an income tax return; and that well knowing all of such facts, he wilfully and knowingly failed to make such return. A jury found the defendant guilty, and the court sentenced him to imprisonment for a period of six months and to pay a fine of $5,000. From such judgment and sentence this appeal was seasonably perfected.

It is urged that the court erred in denying the motion to dismiss the indictment for failure to charge that wilful failure to make the income tax return existed at the time the making of such return was required. While presented on a broad basis, the focal point of the argument in support of the contention is that wilful failure to make the return at the time the making thereof was required was an essential element of the offense laid in the indictment; that the indictment failed to charge wilfulness at such time; and that the omission of such element from the charging part of the indictment was fatal. The indictment charged that appellant was required to make a return on or before September 15, 1952; and it further charged that he wilfully and knowingly failed to make it. Considered as a whole, the indictment charged in language too clear for doubt that wilful failure to make the return existed at the time the making thereof was required.

The further ground of challenge to the action of the court in denying the motion to dismiss the indictment is that under Section 145(a), supra, the wilful failure to make a declaration of

estimated tax and the wilful failure to make a return constitute an offense; that the failure to make only one of the two does not constitute an offense; and that since the indictment charged only the wilful failure to make a return, it was fatally defective. Punctuation in the statute and legislative history in connection with the statute are relied upon to sustain the contention. Punctuation is one factor to be accorded appropriate consideration in the interpretation of an obscure or doubtful statute, but it is not always controlling; and if necessary in order to arrive at the legislative intent, a court will disregard punctuation. Hammock v. Loan & Trust Co., 105 U.S. 77, 26 L.Ed. 1111; United States v. Lacher, 134 U.S. 624, 10 S.Ct. 625, 33 L.Ed. 1080; Ford v. Delta & Pine Land Co., 164 U.S. 662, 17 S.Ct. 230, 41 L.Ed. 590; Stephens v. Cherokee Nation, 174 U.S. 445, 19 S.Ct. 722, 43 L.Ed. 1041; Barrett v. Van Pelt, 268 U.S. 85, 45 S.Ct. 437, 69 L.Ed. 857; United States v. Shreveport Grain & Elevator Co., 287 U.S. 77, 53 S.Ct. 42, 77 L.Ed. 175; Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350; Chicago, M. & St. P. R. Co. v. Voelker, 8 Cir., 129 F. 522, 70 L.R.A. 264; Egyptian Supply Co. v. Boyd, 6 Cir., 117 F.2d 608. And where doubt exists respecting the meaning of a statute, the legislative history may be taken into consideration in resolving the doubt. But that is only one rule and it may be invoked only in case of ambiguity or uncertainty in respect to the language used. Where the language used is clear, there is no need to refer to legislative history. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L. Ed. 1207; Nicholas v. Denver & Rio Grande Western Railroad Co., 10 Cir., 195 F.2d 428. There is no doubt, uncertainty, or obscurity respecting section 145(a). Other provisions in revenue legislation place upon certain persons two separate and distinct duties. One is to make a declaration of estimated tax and the other is to make a return. The two duties co-exist and they are not alternatives or substitutes for each other.

A taxpayer is not free to discharge one of such duties and ignore the other. And under the plain terms of section 145(a), the wilful failure to make a return within the time required by applicable law or regulations constitutes an offense. Therefore no occasion arises to explore the field of punctuation or legislative history in connection with the statute.

 An additional point of challenge to the judgment is that the motion to dismiss the indictment should have been sustained on the ground that prosecution for the alleged offense was barred by limitation. Section 53(a)(1) of the Internal Revenue Code of 1939 provides that returns made on the basis of the calendar year shall be made on or before March 15th following the close of the calendar year; and section 53(a)(2) provides that the Commissioner of Internal Revenue may grant a reasonable extension of time not to exceed six months for filing returns, under such rules and regulations as he may prescribe with the approval of the Secretary of the Treasury. 26 U.S.C.A. 1952 ed. § 53(a)(1), (2). Section 3791(a)(1) empowers the Commissioner, with the approval of the Secretary, to prescribe and publish all needful rules and regulations for the enforcement of the Code. 26 U.S.C.A. 1952 ed. § 3791. Treasury Regulations, section 39.53–2, promulgated under section 3791(a)(1) of the Code, provides among other things that authority for granting extensions of time for filing income tax returns is thereby delegated to the various district directors of internal revenue. And section 39.53–4 provides that the due date is the date on or before which a return is required to be filed in accordance with the provisions of the Code and the regulations prescribed thereunder or the last day of the period covered by an extension of time granted by the Commissioner or a district director of internal revenue. Appellant seasonably made three successive requests for extension of time within which to make his return for the year 1951. The last request was for an extension to September 15, 1952. All of

such requests were granted by the director of internal revenue for the district of Colorado. Regulations promulgated for the enforcement of revenue legislation must be sustained unless unreasonable and plainly inconsistent with controlling statutes. Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397; Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831. The regulation delegating to the various district directors of internal revenue power to grant extensions of time for the filing of returns is reasonably adapted to the effective administration of revenue legislation. It is not inconsistent with any controlling statute. And it is effective. The three extensions granted by the director of internal revenue, considered as a whole, effectively extended to September 15, 1952, the time for the filing of the return for the year 1951. That became the due date on which the return was required to be filed. There was no default in the filing of the return prior to that time.

Section 3748(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3748 (a), provides in effect that no person shall be prosecuted for an offense arising under the internal revenue laws unless the indictment is returned or the information filed within three years next after the commission of the offense. The indictment was returned on September 14, 1955, one day less than three years after the due date for the making of the return for the year 1951, and therefore prosecution for the alleged offense was not barred by the statute of limitation. Bowles v. United States, 4 Cir., 73 F.2d 772, certiorari denied 294 U.S. 710, 55 S.Ct. 506, 79 L.Ed. 1245.

 The sufficiency of the evidence to establish wilfulness in failing to make the return on or before the due date is challenged. Wilfulness is an essential element of the offense charged in the indictment and it was incumbent upon the government to establish such element. But it could be established by

proof of facts and circumstances from which the inference could reasonably be drawn that the failure to make the return on or before the due date was wilful. Hooper v. United States, 10 Cir., 216 F.2d 684. These facts were stipulated or evidence was adduced tending to prove them. Appellant is an attorney at law and a registered accountant. He maintained offices in Denver, Colorado, and much of his professional practice related to tax matters. He knew that he was required to make annual income tax returns. For the years 1946 to 1952, inclusive, he obtained extensions of time for the making of his returns but in each instance he failed to make the return within the extended period. All of the returns for those years were made on September 22, 1953. He made declarations of estimated tax and paid tax during such years. But the total amount of income tax liability which accrued was almost twice the amount paid during such years. Identical affidavits were attached to the several returns made in September, 1953. The substance of the affidavits and the substance of the testimony of appellant given at the trial was that due to heavy professional and domestic responsibilities, he failed to make the returns within the due time. Appellant applied himself with painstaking diligence consuming long hours to his professional engagements and he devoted much time to his domestic responsibilities. But he took part in civic affairs. He served on a school board. He played golf somewhat infrequently. He occasionally attended meetings of bar associations. And he participated in political activities. Considered as a whole, the evidence together with the inferences fairly to be drawn therefrom was sufficient to warrant a finding that the failure to make the return for 1951 within the extended period was not due to mere inadvertence, oversight, or neglect, but was purposeful, deliberate, and wilful. In other words, the evidence was sufficient to establish the essential element of wilfulness in failing to make

the return on or before the expiration of the last extension of time therefor.

Another complaint urged relates to an instruction given to the jury. The pertinent part of the instruction was couched in this language: "Now, the word 'wilful' has a number of different meanings depending upon the context in which it is used. As it is used in the subsection with which we are dealing here today 'wilful' means voluntary, purposeful, deliberate, and intentional as distinguished from accidental, inadvertent or negligent. The Government must prove beyond a reasonable doubt that the defendant's failure to file the return was voluntary, purposeful, deliberate, and intentional and not accidental, inadvertent or negligent. The jury is instructed that this is a criminal proceeding and that the word 'wilful' when used in a criminal statute means an act done with bad purpose or done without justifiable excuse or done stubbornly or obstinately, perversely or with bad motive. I instruct you then that the only bad purpose or bad motive which it is necessary for the Government to prove in this case is the deliberate intention not to file a return which the Defendant knew ought to be filed so that the Government would not know the extent of his liability." The level of the argument in support of the asserted vice in the instruction is that in substance it charged the jury that while bad purpose was an essential element of the offense the fact that appellant was late in the filing of his return was all that was necessary to constitute wilfulness. It is said that insofar as the instruction undertakes to define wilfulness, it tends to write wilfulness out of the statute. The instructions must be considered as a whole. All the parts thereof must be considered together. Excerpts or particular parts are not to be separated and considered apart from the whole. Graham v. United States, 10 Cir., 120 F.2d 543; Moffitt v. United States, 10 Cir., 154 F.2d 402, certiorari denied 328 U.S. 853, 66 S.Ct. 1343, 90 L.Ed. 1625; Lunsford v. United States, 10 Cir., 200 F.2d 237. Considered in that manner, the instructions made it crystal clear to the jury that the elements of the offense laid in the indictment which must be proved beyond a reasonable doubt were that the defendant was required to file an income tax return for the year 1951; that he did not file a return on or before September 15, 1952; and that his failure to file such a return was purposeful, deliberate, and intentional and not accidental, inadvertent, or negligent. And the particular instruction presently challenged defined with correctness and clarity the meaning of wilfulness and pinpointed in a manner which could not be misunderstood the requirement that it be proved beyond a reasonable doubt. We perceive no error in the instruction. United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Hooper v. United States, supra; Yarborough v. United States, 4 Cir., 230 F.2d 56, certiorari denied 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487.

Finally, reversal of the judgment is sought for refusal of the court to give to the jury two requested instructions. The substance of one of the instructions was that the late filing of an income tax return required by law or regulations did not of itself constitute the offense charged in the indictment. And the substance of the other was that the word "wilfully" means more than voluntarily and intentionally; and that it means an act done with bad purpose and evil motive. The instructions of the court fairly and adequately covered all of the issues in the case and it is the well settled rule that a court is not required to give a requested instruction even though it is a correct statement of applicable law if the subject matter to which it refers has been appropriately covered in the general instructions given. Martin v. United States, 10 Cir., 100 F.2d 490, certiorari denied 306 U.S. 649, 651, 59 S.Ct. 590, 83 L.Ed. 1048; Troutman v. United States, 10 Cir., 100 F.2d 628; Hancey v. United States, 10 Cir., 108 F.2d 835; Berenbeim v. United

States, 10 Cir., 164 F.2d 679, certiorari denied, 333 U.S. 827, 68 S.Ct. 454, 92 L.Ed. 1113; Thayer v. United States, 10 Cir., 168 F.2d 247; Heath v. United States, 10 Cir., 169 F.2d 1007.

The judgment is Affirmed.