James BUSH, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 19203.

United States Court of Appeals Ninth Circuit.

Nov. 2, 1964.

Rehearing Denied Feb. 23, 1965.

Harry J. Kaplan, San Jose, Cal., for appellant.

Sidney I. Lezak, U. S. Atty., Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal in forma pauperis, with appointed counsel. Appellant was indicted in a four count indictment involving the sale of "dilaudid," a narcotic. Counts II and IV were dismissed, and appellant convicted on Count I, sale of dilaudid without written order (26 U.S. C. § 4705(a)), and Count III, sale of dilaudid not in or from a stamped package (26 U.S.C. § 4704(a)). The sentence imposed was concurrent on the two counts.

Jurisdiction below rests on 18 U.S.C. § 3231; here on 28 U.S.C. § 1291.

But one alleged error is raised on this appeal. It relates to each of the counts. It is that the indictment was defective in that it failed to name the purchaser of the drug, "or in the alternative good and sufficient reason for said omission."

The record discloses that a motion for a bill of particulars was filed by appellant in the trial court. No direct request was made of the government to name the purchaser of the drug—but appellant requested that all parties present at the charged sale be named. (Clk's Tr. p. 13.) This motion for a bill of particulars [1] was granted and the information supplied—including the name of the purchaser (Clk's Tr. p. 18) (identified not by the bill of particulars, but as such purchaser by the evidence at the trial. R.T. pp. 24–25; pp. 77–80). Thus we note the name of the purchaser was supplied to appellant, but do not suggest, of course, that a defective indictment can be cured by any bill of particulars. Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

The only question for our determination is whether the failure to name the purchaser of a specified narcotic drug, allegedly sold by appellant at a specified place on a specified day, renders the indictment defective.

We hold it does not. An indictment, of course, must "apprise the defendant, with reasonable certainty of the nature of the accusation against him." United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819 (1877). It must "inform the accused of the specific offense" coming under the general description of the statute. United States v. Hess, 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516 (1888).

Appellant primarily relies on Lauer v. United States, 320 F.2d 187 (7th Cir. 1963). The court there had for consideration a conviction on one count only— a violation of 26 U.S.C. § 4705(a). Relying on United States v. Simmons, supra, and Larkin v. United States, 107 F. 697 (7th Cir. 1901),[2] the court in Lauer, su-

---

1. There is a reference in the bill of particulars to the presence of one John Doe, "a person unknown to plaintiff"; who allegedly accompanied defendant to the scene of the sale, but did not otherwise participate, either as seller or purchaser.

2. In Simmons, supra, the defendant "was not himself charged with using a still,

pra, states that "[t]he identity of the purchaser of the narcotic is not an element of the offense of unlawful sale proscribed by 26 U.S.C.A. § 4705(a)," but "is a factor 'central to every prosecution under the statute'," citing Russell v. United States, 369 U.S. 749, 764–766, 82 S.Ct. 1038.[3]

We have heretofore ruled against appellant's position with respect to a 21 U.S.C. § 176a marijuana conviction. (Rivera v. United States, 318 F.2d 606 (9th Cir. 1963).) Lauer, supra, distinguishes between a marijuana sale and a narcotic sale requiring a written order from a seller.

Judge Browning upheld Rivera's conviction on the authority of United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Young v. United States, 109 U.S.App.D.C. 414, 288 F.2d 398 (1961); Blumenfield v. United States, 284 F.2d 46, 49–50 (8th Cir. 1960); and Young v. United States, 94 U.S.App.D.C. 54, 212 F.2d 236 (1954), saying:

> "The indictment alleged the offense substantially in the words of the statute, which sets forth all the essential elements of the crime; * * *. The indictment thus alleged an offense, and identified the particular conduct upon which the charge was based to the extent necessary to protect appellant from double jeopardy and to tell him what he must be prepared to meet. This was enough to satisfy constitutional

standards * * *." (Id. 318 F. 2d at 607.)

The tenth and eighth circuits have refused to follow Lauer, supra, in Clay v. United States, 326 F.2d 196 [4] (1963) and Jackson v. United States, 325 F.2d 477 [5] (1963).

In Llamas v. United States, 226 F. Supp. 351 (E.D.N.Y.1963), the trial court held that the identity of purchasers is not an element of the crimes charged (21 U.S.C. § 174), and need not be supplied a defendant. It held that United States v. Simmons, supra, and Larkin v. United States, supra, "support the government's position." The second circuit affirmed *per curiam* (United States v. Llamas, 327 F.2d 657 (1964)).

The most recent cases we find are directly in point.

In Taylor v. United States, 332 F.2d 918, 921 (1964), the eighth circuit had before it marijuana sales, not under 21 U.S.C. § 176a, but 26 U.S.C. § 4742(a) charging the "transfer [of] a quantity of marijuana *not pursuant to a written order of the person to whom said marijuana was transferred * * *.*" (Emphasis added.)

After citing the cases reviewed above, the eighth circuit said:

> "We likewise decline to follow Lauer and hold that the information herein as to Counts 1 and 3 was not fatally defective through failure to name the transferee." (Id. at 921.)

Finally, the sixth circuit in United States v. Dickerson, 337 F.2d 343 (de-

---

boiler, or other vessels for the purpose of distilling," but with "causing and procuring someone else" to use them. In Larkin, supra, an alleged mail fraud was charged.

3. Russell, supra, involved the failure of indictments to state the question under congressional committee inquiry.

4. Clay v. United States, involved a conviction under the same section (26 U.S.C. § 4705(a)) and the same ground of attack was used—that the name of the purchaser was not given. The court refused to follow Lauer, supra, stating: "The statute [§ 4705(a)] makes no provision or re-

quirement with respect to the identity of the person to whom an illegal sale is made and we must therefore conclude, as the court did in the Lauer case, that the identity of such person is not an element of the offense"—hence the indictment was not defective.

5. Jackson v. United States, involved a heroin sale, under 21 U.S.C. § 174; "quite similar" to the § 176a marijuana conviction of Rivera. "Thus, Lauer may be distinguishable * * * but * * * we are not bound by Lauer and do not choose to follow it." (325 F.2d p. 479)

cided September 29, 1964), distinguished Lauer, criticizing the rule, but not the result.

"The holding in Lauer that the name of the purchaser is 'central' to the offense is not borne out by the language of the statute. The statute makes the act of sale the central fact of the offense, and the lack of the required order form another important requisite. Whereas here the indictment alleges specific facts sufficient to identify the act of sale, and specifically alleges that no order form was furnished, we believe 'the cause of the accusation' has been made known.

\*    \*    \*    \*    \*    \*

"The rationale of Lauer is founded upon two United States Supreme Court cases; Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) and United States v. Cruikshank, et al., 92 U.S. 542, 563, 23 L.Ed. 588 (1875). Neither case involved narcotics sales, and we do not find any analogy between the instant indictment's failure to name a narcotics purchaser and the deficiency of the congressional contempt indictment in Russell and the civil rights conspiracy indictments in Cruikshank.

"The reversal of the convictions in the Russell case (upon which it seems to us the Seventh Circuit relied heavily in Lauer) was due to the fact that as to the offenses charged the indictments allowed the prosecution to change positions to the prejudice of the defendants during trial and appeal. The court there held that there was an 'uncertainty and unfairness' in the prosecutions based on the indictments concerned. Russell v. United States, supra at 369 U.S. 766, 82 S.Ct. 1038.

"In the instant case we clearly have no such situation. No unfairness or uncertainty is argued to us. No prejudice to defendant's rights is shown. \*   \*   \*

"We do not, of course, know from the Lauer opinion just what the terms of the indictment dealt with therein actually were. It may well have lacked particularity to such a degree that absent the name of the purchaser it did not inform defendant of 'the cause of the accusation.'

"Our disagreement with Lauer, therefore, is not necessarily with its result, but with the rule which some of its readers have deduced therefrom that all naroctics indictments under similar statutes are constitutionally defective unless the purchaser is named.

"Obviously, the purchaser's name is one simple device for lending desired particularity to the indictment. But we regard the purchaser's name in a narcotics indictment as just one means—and sometimes perhaps not the most desirable—of informing defendant of the particular conduct complained of.

"The courts are not unaware of the hazards attendant upon testimony of informants in narcotics cases. The United States Supreme Court in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), held that failure to disclose the name of an informer at trial was reversible error because unfair to defendant under the circumstances of that case. But it also declined to say that the informer's identity need to be divulged in all cases, even at trial. \*   \*   \*

"The Seventh Circuit in Lauer also cited United States v. Simmons, supra. The Simmons case held:

" 'Since the defendant was not charged with using the still, boiler, and other vessels himself, but only with causing and procuring some one else to use them, the name of that person should have been given.'

\*   \*   \*

"The distinction appears obvious to us. In Lauer and in our instant case the defendants were themselves

charged with committing the offense—not procuring some one else to commit it.

"Defendant's argument pertaining to Fifth Amendment due process suggests that by the failure to name the purchaser, defendant was deprived of information he needed in order adequately to prepare for trial. He does not, however, claim that he was ever in doubt as to who was alleged to be the purchaser of the drugs. * * *"

We hold that Count I of the indictment here attacked complies fully with the requirement of our Federal Rules of Criminal Procedure (18 U.S.C.) Rule 7 (c), as construed by the Supreme Court. United States v. Debrow, supra.

We need only add that Count III of the indictment differs from Count I, in that 26 U.S.C. § 4704(a) makes no mention of "[any] person to whom such article is sold," as is contained in 26 U.S.C. § 4705(a). The conclusions controlling our disposition of Count I are *a priori* controlling as to Count III.

Affirmed.

Smith, Circuit Judge, dissented.