77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
X-CITEMENT VIDEO, INC., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rubin GOTTESMAN, Defendant-Appellant.
 Nos. 89-50556, 89-50562.
 United States Court of Appeals, Ninth Circuit.
 Jan. 5, 1996.
 
 Before: CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Supreme Court held that the term "knowingly" in 18 U.S.C. § 2252(a) modifies the phrase "the use of a minor" in subsections (1)(A) and (2)(A) of that statute. United States v. X-Citement Video, Inc. 115 S.Ct. 464, 467, 472 (1994). The Court left it to us to decide whether the indictment in this case, which tracks the language of section 2252(a), "was fatally defective because it did not contain a scienter requirement on the age of minority." Id. at 472.
 
 
 3
 An indictment that tracks the language of a statute is fatally defective if it omits an essential element of the crime, United States v. Carll, 105 U.S. 611 (1882) (indictment that tracked statutory language fatally defective, because language omitted scienter requirement that had been read into the statutory offense based on its common-law history); United States v. Morrison, 536 F.2d 286, 287-89 (9th Cir.1976), or it fails to apprise the defendant "with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence." United States v. Simmons, 96 U.S. 360, 362 (1877) (indictment that tracked statutory language fatally defective, where statute outlawed causing another to use a still, but indictment omitted name of person defendant allegedly caused to use the still); United States v. Woodruff, 50 F.2d 673, 676 (9th Cir.1995).
 
 
 4
 In this case, the Supreme Court held that the language of section 2252(a) does not omit a scienter requirement as to the statute's "use of a minor" element, but rather, "the term 'knowingly' in § 2252 extends ... to the age of the performers." X-Citement Video, 115 S.Ct. at 472 (emphasis added). Moreover, defendants don't argue the language of their indictment would handicap them in any way in pleading double jeopardy. Nor do they point to any evidence the language of their indictment hindered their defense in the slightest.
 
 
 5
 Defendants' indictment therefore is not fatally defective.
 
 
 6
 * * *
 
 The judgment of conviction is
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3